**In the Matter of the TITLE, BALLOT TITLE AND SUBMISSION CLAUSE, AND SUMMARY FOR 1999–2000 # 41.**

**Bennett S. Aisenberg, Petitioner,**

v.

**Douglas Campbell and Mark Dorn, Respondents,**

and

**Victoria Buckley, Rebecca Lennahan, and Richard Westfall, Title Board.**

**In the Matter of the Title, Ballot Title and Submission Clause, and Summary for 1999–2000 # 42,**

**Bennett S. Aisenberg, Petitioner,**

v.

**Douglas Campbell and Mark Dorn, Respondents,**

and

**Victoria Buckley, Rebecca Lennahan, and Richard Westfall, Title Board.**

**Nos. 99SA13, 99SA33.**

Supreme Court of Colorado, En Banc.

March 29, 1999.

Susan E. Burch, Denver, Colorado, Attorney for Petitioner.

Douglas Campbell, Pro Se, Arvada, Colorado.

Mark Dorn, Pro Se, Arvada, Colorado.

Ken Salazar, Attorney General, Barbara McDonnell, Chief Deputy Attorney General, Michael E. McLachlan, Solicitor General, Christine M. Arguello, Deputy Attorney General, Maurice G. Knaizer, Deputy Attorney General, State Services Section, Denver, Colorado, Attorneys for Title Board.

PER CURIAM.

In these original proceedings brought pursuant to section 1–40–107(2), 1 C.R.S. (1998), the petitioner, Bennett S. Aisenberg, challenges the action of the initiative title setting board ("Title Board") in setting a title, ballot title and submission clause, and summary for Proposed Initiative "1999–2000 # 41" and Proposed Initiative "1999–2000 # 42" ("Proposed Initiatives # 41 and # 42"). The texts, titles and summaries of Proposed Initiatives # 41 and # 42 are attached as Appendices A and B, respectively. Aisenberg contends that each proposed initiative contains multiple subjects, that the titles and summary do not fairly and accurately describe the subject matter, and that the fiscal impact statements do not conform to applicable requirements. Because the relevant language is identical in the two initiatives, we have consolidated the cases for this opinion.

The initiatives propose, among other things, to alter the selection, retention, and removal process for judicial officers in Colorado. Multiple versions of these initiatives have come before this court in the recent past. In the earliest version to come before us we found that, in addition to the subject of selection, retention, and removal of judicial officers, the proposed initiative contained several other subjects, thus violating article V, section 1(5.5) of the Colorado Constitution. *See In re Title, Ballot Title & Submission Clause, & Summary for 1997–98 # 64*, 960 P.2d 1192, 1200 (Colo.1998) [hereinafter *In re Proposed Initiative "1997–98 # 64"*].

We also recently reviewed two other versions of this initiative. *See In re Title, Ballot Title & Submission Clause, & Summary for 1999–2000 # 33*, 975 P.2d 175 (Colo.1999) [hereinafter *In re Proposed Initiative "1999–2000 # 33"*]; *In re Title, Ballot Title & Submission Clause, & Summary for 1999–2000 # 29*, 972 P.2d 257 (Colo.1999) [hereinafter *In re Proposed Initiative "1999–2000 # 29"*]. In each of those cases, we found that the proposed initiative contained multiple subjects. Specifically, each initiative would have (1) changed the qualifications to serve as a state judge or justice, (2) changed the qualifications to serve as a member of the judicial discipline commission, and (3) changed the jurisdiction of county judges for the City and County of Denver. *See In re Proposed Initiative "1999–2000 # 33"*, 975 P.2d at 176; *In re Proposed Initiative "1999–2000 # 29"*, 972 P.2d at 259–268.

Proposed Initiatives # 41 and # 42 contain the same language that created multiple subjects in Proposed Initiatives "1999–2000 # 29" and "1999–2000 # 33."[1] Because these prior rulings are controlling, we conclude that the Title Board erred when it set titles for the current versions. Therefore, we reverse the actions of the Title Board and remand each case with directions to strike

---

1. Proposed Initiatives # 41 and # 42 also contain additional language that petitioner challenges as violating the single-subject requirement. Because the titles cannot stand, we decline to address petitioner's challenge to this additional language just as we declined previously to address identical language in Proposed Initiative "1999–2000 # 33." *See In re Proposed Initiative "1999–2000 # 33"*, 975 P.2d at 176.

the titles and return Initiatives # 41 and # 42 to their proponents.

## APPENDIX A

Proposed Initiative "1999–2000 # 41"[1]

The title as designated and fixed by the Board is as follows:

AN AMENDMENT TO THE COLORADO CONSTITUTION CONCERNING JUDICIAL PERSONNEL, AND, IN CONNECTION THEREWITH, LIMITING FUTURE TERMS OF OFFICE FOR CERTAIN STATE COURT JUDGES AND JUSTICES; PROVIDING THAT THE GOVERNOR NOMINATE ALL STATE COURT JUDGES AND JUSTICES, SUBJECT TO SENATE AND VOTER APPROVAL; ESTABLISHING A PROCEDURE FOR THE REMOVAL ELECTIONS; REQUIRING ANY JUDGE OR JUSTICE WHO IS CONVICTED OF CERTAIN CRIMES, RECEIVES A NEGATIVE DISCIPLINARY FINDING, OR IS THE SUBJECT OF A REMOVAL PETITION TO STAND FOR ELECTION; PROVIDING THAT ANY JUDGE OR JUSTICE RECEIVING A MAJORITY LESS THAN 60% IS RETAINED OR NOT REMOVED FOR ONE YEAR ONLY; PROVIDING THAT FUTURE DISCIPLINE COMMISSION MEMBERS SHALL BE NOMINATED BY THE GOVERNOR SUBJECT TO SENATE APPROVAL AND SHALL NOT BE LAWYERS, JUDGES, OR JUSTICES; REQUIRING RECORDS AND REPORTS ON EACH JUDGE AND JUSTICE TO BE PUBLIC AND COMPUTER ACCESSIBLE; REQUIRING THAT VOTERS RECEIVE SPECIFIED INFORMATION ON EACH JUDGE AND JUSTICE STANDING FOR ELECTION; PROHIBITING CERTAIN PERSONS FROM SERVING AS ACTIVE OR SENIOR JUDGES OR IN OTHER JUDICIAL POSITIONS; PROVIDING ENFORCEMENT PROCEDURES; AND REPEALING CERTAIN CONSTITUTIONAL PROVISIONS TO CONFORM WITH THIS AMENDMENT.

The ballot title and submission clause as designated and fixed by the Board is as follows:

SHALL THERE BE AN AMENDMENT TO THE COLORADO CONSTITUTION CONCERNING JUDICIAL PERSONNEL, AND, IN CONNECTION THEREWITH, LIMITING FUTURE TERMS OF OFFICE FOR CERTAIN STATE COURT JUDGES AND JUSTICES; PROVIDING THAT THE GOVERNOR NOMINATE ALL STATE COURT JUDGES AND JUSTICES, SUBJECT TO SENATE AND VOTER APPROVAL; ESTABLISHING A PROCEDURE FOR THE REMOVAL ELECTIONS; REQUIRING ANY JUDGE OR JUSTICE WHO IS CONVICTED OF CERTAIN CRIMES, RECEIVES A NEGATIVE DISCIPLINARY FINDING, OR IS THE SUBJECT OF A REMOVAL PETITION TO STAND FOR ELECTION; PROVIDING THAT ANY JUDGE OR JUSTICE RECEIVING A MAJORITY LESS THAN 60% IS RETAINED OR NOT REMOVED FOR ONE YEAR ONLY; PROVIDING THAT FUTURE DISCIPLINE COMMISSION MEMBERS SHALL BE NOMINATED BY THE GOVERNOR SUBJECT TO SENATE APPROVAL AND SHALL NOT BE LAWYERS, JUDGES, OR JUSTICES; REQUIRING RECORDS AND REPORTS ON EACH JUDGE AND JUSTICE TO BE PUBLIC AND COMPUTER ACCESSIBLE; REQUIRING THAT VOTERS RECEIVE SPECIFIED INFORMATION ON EACH JUDGE AND JUSTICE STANDING FOR ELECTION; PROHIBITING CERTAIN PERSONS FROM SERVING AS ACTIVE OR SENIOR JUDGES OR IN OTHER JUDICIAL POSITIONS; PROVIDING ENFORCEMENT PROCEDURES; AND REPEALING CERTAIN CONSTITUTIONAL PROVISIONS TO CONFORM WITH THIS AMENDMENT?

The summary prepared by the Board is as follows:

This measure amends the Colorado constitution and would affect all county and district court judges, the probate and juvenile court judges in the City and County of Denver,

1. Selection and Retention of Judges

judges of the court of appeals, and justices of the supreme court. It would limit future terms of certain judges and justices to four years and prohibit certain judges and justices from serving more than three future terms at each court level. The measure provides that any future partial term constitutes a full term. The measure prohibits term-limited, mandatorily retired, removed from office, or defeated judges and justices from serving as active or senior judges. The measure requires the written consent of all parties for a senior judge to serve.

The measure changes the manner in which all state court judges and justices are selected by allowing the governor to nominate any qualified elector who resides in the court district even if the person were not recommended by a judicial nominating commission. The measure would prohibit any state court judge or justice from taking office until approved by the senate following a public hearing held after at least ten days' notice. It requires all state court judges and justices to face a retention election in the first annual state election at least 90 days following approval by the senate. The measure would suspend without pay any judge or justice convicted of a felony or misdemeanor or subject to any negative finding by the commission on judicial discipline and require the judge or justice to face a retention election in the next November election more than ninety days following the conviction or finding.

The measure would require a removal election if signatures, not to exceed 5% of the total votes cast in the judicial district for the office of secretary of state, are collected within 9 months on petitions requesting the removal of any active or senior judge or justice. The measure provides procedures for the approval of petition entries including a presumption of validity of the entries, prohibiting the use of random sampling, and allowing only petitioners to appeal. It also provides that more than one member of the same court may be listed on a single petition and prohibits the listing of reasons for or against removal on the petition or the ballot.

If a judge or justice is retained or not removed by a majority less than 60%, the measure provides that the judge or justice is only retained or not removed until the next annual election.

The measure requires future members of the commission on judicial discipline to be confirmed by the senate and prohibits lawyers, judges, or justices from being members. It would establish that all future complaints, papers, hearings, and findings of the commission are public and must be made computer accessible within 10 days.

The measure would require that calendar year information concerning the caseload, case resolution time, hours of attendance, and criminal sentencing information for each judge or justice be made public and computer accessible by the following March 1.

For each judge or justice facing a retention or removal election, the measure would require that ballot information booklets and mailed election notices contain only information concerning any conviction or negative finding by the commission on judicial discipline, a true summary of the prior year's record, and a statement in favor of the incumbent and a summary of comments mailed or filed by any person or group against retention or for removal. It would prohibit the mention of any judicial performance commission review in such booklets and notices.

The measure states that it shall be strictly construed and shall supersede any other state or local provision. It provides that any Colorado resident or group has standing to enforce its provisions, that the Colorado supreme court has jurisdiction to hear and decide any case concerning its enforcement, and that legal fees and costs shall be paid only to successful plaintiffs who seek to enforce this measure.

The measure prohibits the future expenditure of any state funds on any active or senior judge or justice, including those in the City and County of Denver, who is not subject to its provisions. It prohibits any person serving as a judge or justice who is not subject to its provisions from serving as a state court judge or justice at any other level or in any other judicial district, or being deemed a state court judge for any purpose.

▬▬▬▬▬▬

The measure would repeal conflicting provisions of the Colorado constitution including:

- The terms of office and qualifications for judges and justices;
- The appointments of judges and justices from a list of nominees submitted by a judicial nominating commission;
- The authority of the commission on judicial discipline to request the appointment of three judges or justices as special masters;
- The confidentiality of papers and proceedings before the commission on judicial discipline;
- The qualifications and number of members of the commission on judicial discipline; and
- The requirement that judges and justices above the county court level be licensed to practice law for at least 5 years.

The Department of Local Affairs believes that counties may have to pay some of the expenses incurred in making information concerning judges computer accessible. The Department cannot determine the amount of this fiscal impact.

The Office of State Planning and Budgeting deems the fiscal impact of this initiative on the state to be significant but indeterminate, since there will be additional elections and there may be backlogs in the legislature and the courts due to the confirmation process. The Office of State Planning and Budgeting believes that to make judges' and justices' records computer accessible will cost $1,500,000. There will also be a one-time cost for creating and translating the ballot information booklets and election notices of $65,564. Finally, there will be increased costs associated with selecting and training new judges and justices estimated to be $369,087 per year.

Title Set December 16, 1998

Hearing adjourned at 3:45 p.m.

Rehearing Denied January 6, 1999

Adjourned at 2:30 p.m.

The text of Initiative # 41 is as follows:

**Be it Enacted by the People of the State of Colorado:**

Section 1. Article VI of the state constitution is amended to add:

**Section 6. State judicial personnel—selection, retention, and removal.** After November 6, 2000:

**(1) Term limits.** Future terms of office for county, district, court of appeals, and supreme court judges and justices shall be four years. At each level, no one shall serve more than three future terms of office. Any future partial term shall count as a term of office. Persons who have served eight years or more at one level shall be eligible for only one future term at that level.

**(2) Selection.** The governor shall nominate all future county, district, probate, juvenile, court of appeals, and supreme court judges and justices. No one shall take office without senate approval following a hearing with public testimony, held ten days or more after public notice. Nominees need not be chosen from a nominating commission list, but shall be qualified electors who reside in their court district while in office. Senate-approved nominees shall face a retention vote on the next annual state election date at least 90 days later.

**(3) Retention and removal. (a)** Despite any appeal, sentence delay, or other excuse, any negative finding by the judicial discipline commission or misdemeanor or felony conviction shall suspend an active or senior judge or justice without pay, and compel a retention vote on the next annual state election date at least 90 days later. With senate approval, the governor shall nominate all future commission members and special masters, who shall not be lawyers, judges, or justices.

**(b)** Any active or senior judge or justice shall be subject to removal on the next annual state election date 90 days or more after petition forms circulated by any adult Colorado residents are filed with required entries, collected within nine months, of registered electors in that court district not to exceed 5% of the general election votes last cast in that district for all secretary of state candidates. Completed entries with an attached circulator oath are

deemed valid unless incumbents, within 20 days after entry filing, disprove entries without random sampling. Absent gross fraud, if a petition with the required number of entries be rejected, petitioners shall have 20 days to file more entries made at any time. Only petitioners may appeal. One or more members of the same court may be named in the same petition without increasing total entries, but ballot questions and other procedures shall be treated separately. Entries may be collected after a complete master copy of that black-ink petition form, conclusively deemed valid, is provided without charge. No petition or ballot shall list reasons for or against removal.

(c) To inform potential voters at any retention or removal election: all future commission complaints, papers, hearings, and findings shall be public, and shall be computer accessible within ten days; complete calendar year records on caseload, case resolution time, hours of courthouse attendance daily, and criminal sentencing by each judge or justice shall be public and computer accessible by the next March 1; and, in 12–point or larger type, ballot information booklets and mailed election notices shall include only a finding or conviction defined in (a), a true summary of the latest yearly record, and up to 500 words each for the incumbent and for a summary by the election official of all comments against retention or for removal, which may be filed or mailed by any person or group. No judicial performance commission review shall be included or mentioned. A majority under 60% shall retain that incumbent, or delay removal, only until the next annual election.

(4) **Enforcement.** (a) Section 6 shall be strictly construed; substantial compliance is insufficient. Its provisions are severable and self-executing, and shall not be harmonized with or balanced against, but shall supersede, conflicting state or local laws. Any person or group shall have standing to enforce section 6. Suits shall be filed and orally argued in the supreme court and

decided within 90 days of filing. Attorney fees and costs shall always be paid only to successful plaintiffs who seek to enforce section 6.

(b) No one shall serve as an active or senior judge or justice after mandatory retirement, removal by discipline or election, resignation with a retention or removal election pending, or defeat for retention, nor as a senior judge without the written consent of all parties to a case or after being term-limited. After June 30, 2001, no state funds shall be paid, appropriated, loaned, or spent for salary, benefits, or other compensation for an active or senior judge or justice in any state judicial district, including the City and County of Denver, who is not subject to sections 6 and 23, and 25 if active. Such active judge or justice starting a future term, and senior judge or justice serving after 2000, shall not be deemed a state court judge for any purpose, nor ever serve in any active or senior judicial position at another state court level or state judicial district.

Section 2. Article VI, sections 7, 8, 11, 14, 15, 20(1), 23(3)(g), the second sentences of 10(2) and 23(3)(a), and the third clause of the first sentence of 23(3)(e) of the state constitution are repealed.

### APPENDIX B

Proposed Initiative "1999–2000 # 42" [1]

The title as designated and fixed by the Board is as follows:

AN AMENDMENT TO THE COLORADO CONSTITUTION CONCERNING JUDICIAL PERSONNEL, AND, IN CONNECTION THEREWITH, LIMITING FUTURE TERMS OF OFFICE FOR CERTAIN STATE COURT JUDGES AND JUSTICES; PROVIDING THAT THE GOVERNOR NOMINATE ALL STATE COURT JUDGES AND JUSTICES, SUBJECT TO SENATE AND VOTER APPROVAL; ESTABLISHING A PROCEDURE FOR REMOVAL ELECTIONS; REQUIRING ANY JUDGE OR JUSTICE WHO IS CONVICTED OF CERTAIN CRIMES, RECEIVES A NEGATIVE DISCIPLINARY FINDING, OR IS THE

---

1. State Judicial Personnel—Selection, Retention,     and Removal

SUBJECT OF A REMOVAL PETITION TO STAND FOR ELECTION; PROVIDING THAT ANY JUDGE OR JUSTICE RECEIVING A MAJORITY OF LESS THAN 60% IS RETAINED OR NOT REMOVED FOR ONE YEAR ONLY; PROVIDING THAT FUTURE DISCIPLINE COMMISSION MEMBERS SHALL BE NOMINATED BY THE GOVERNOR SUBJECT TO SENATE APPROVAL AND SHALL NOT BE LAWYERS, JUDGES, OR JUSTICES; REQUIRING RECORDS AND REPORTS ON EACH JUDGE AND JUSTICE TO BE PUBLIC AND COMPUTER ACCESSIBLE; REQUIRING THAT VOTERS RECEIVE SPECIFIED INFORMATION ON EACH JUDGE AND JUSTICE STANDING FOR ELECTION; PROHIBITING CERTAIN PERSONS FROM SERVING AS ACTIVE OR SENIOR JUDGES OR IN OTHER JUDICIAL POSITIONS; PROVIDING ENFORCEMENT PROCEDURES; AND REPEALING CERTAIN CONSTITUTIONAL PROVISIONS TO CONFORM WITH THIS AMENDMENT.

The ballot title and submission clause as designated and fixed by the Board is as follows:

SHALL THERE BE AN AMENDMENT TO THE COLORADO CONSTITUTION CONCERNING JUDICIAL PERSONNEL, AND, IN CONNECTION THEREWITH, LIMITING FUTURE TERMS OF OFFICE FOR CERTAIN STATE COURT JUDGES AND JUSTICES; PROVIDING THAT THE GOVERNOR NOMINATE ALL STATE COURT JUDGES AND JUSTICES, SUBJECT TO SENATE AND VOTER APPROVAL; ESTABLISHING A PROCEDURE FOR REMOVAL ELECTIONS; REQUIRING ANY JUDGE OR JUSTICE WHO IS CONVICTED OF CERTAIN CRIMES, RECEIVES A NEGATIVE DISCIPLINARY FINDING, OR IS THE SUBJECT OF A REMOVAL PETITION TO STAND FOR ELECTION; PROVIDING THAT ANY JUDGE OR JUSTICE RECEIVING A MAJORITY LESS THAN .60% IS RETAINED OR NOT REMOVED FOR ONE YEAR ONLY; PROVIDING

THAT FUTURE DISCIPLINE COMMISSION MEMBERS SHALL BE NOMINATED BY THE GOVERNOR SUBJECT TO SENATE APPROVAL AND SHALL NOT BE LAWYERS, JUDGES, OR JUSTICES; REQUIRING RECORDS AND REPORTS ON EACH JUDGE AND JUSTICE TO BE PUBLIC AND COMPUTER ACCESSIBLE; REQUIRING THAT VOTERS RECEIVE SPECIFIED INFORMATION ON EACH JUDGE AND JUSTICE STANDING FOR ELECTION; PROHIBITING CERTAIN PERSONS FROM SERVING AS ACTIVE OR SENIOR JUDGES OR IN OTHER JUDICIAL POSITIONS; PROVIDING ENFORCEMENT PROCEDURES; AND REPEALING CERTAIN CONSTITUTIONAL PROVISIONS TO CONFORM WITH THIS AMENDMENT?

The summary prepared by the Board is as follows:

This measure amends the Colorado constitution and would affect all county and district court judges, the probate and juvenile court judges in the City and County of Denver, judges of the court of appeals, and justices of the supreme court. It would limit future terms of certain judges and justices to four years and prohibit certain judges and justices from serving more than three future terms at each court level. The measure provides that any future partial term constitutes a full term. It also provides that anyone who has served eight years or more at a judicial level is only eligible to serve one additional term at that level. The measure prohibits term-limited, mandatorily retired, removed from office, or defeated judges and justices from serving as active or senior judges. The measure requires the written consent of all parties for a senior judge to serve.

The measure changes the manner in which all state court judges and justices are selected by allowing the governor to nominate any qualified elector who resides in the court district even if the person were not recommended by a judicial nominating commission. The measure would prohibit any state court judge or justice from taking office until approved by the senate following a public hearing held after at least ten days' notice. It requires all state court judges and justices to

face a retention election in the first annual state election at least 90 days following approval by the senate. The measure would suspend without pay any judge or justice convicted of a felony or misdemeanor or subject to any negative finding by the commission on judicial discipline and require the judge or justice to face a retention election in the next November election more than ninety days following the conviction or finding.

The measure would require a removal election if signatures, not to exceed 5% of the total votes cast in the court district for the office of secretary of state, are collected within 9 months on petitions requesting the removal of any active or senior judge or justice. The measure provides procedures for the approval of petition entries including a presumption of validity of the entries, prohibiting the use of random sampling, and allowing only petitioners to appeal. It also provides that more than one member of the same court may be listed on a single petition and prohibits the listing of reasons for or against removal on the petition or the ballot.

If a judge or justice is retained or not removed by a majority less than 60%, the measure provides that the judge or justice is retained or not removed only until the next annual election.

The measure requires future members of the commission on judicial discipline to be confirmed by the senate and prohibits lawyers, judges, or justices from being members. It would establish that all future complaints, papers, hearings, and findings of the commission are public and must be made computer accessible within 10 days.

The measure would require that calendar year information concerning the caseload, case resolution time, hours of attendance, and criminal sentencing information for each judge or justice be made public and computer accessible by the following March 1.

For each judge or justice facing a retention or removal election, the measure would require that ballot information booklets and mailed election notices contain only information concerning any conviction or negative finding by the commission on judicial discipline, a true summary of the prior year's record, and a statement in favor of the incumbent and a summary of comments mailed or filed by any person or group against retention or for removal. It would prohibit the mention of any judicial performance commission review in such booklets and notices.

The measure states that it shall be strictly construed and shall supersede any other state or local provision. It provides that any Colorado resident or group has standing to enforce its provisions, that the Colorado supreme court has jurisdiction to hear and decide any case concerning its enforcement, and that legal fees and costs shall be paid only to successful plaintiffs who seek to enforce this measure.

The measure prohibits the future expenditure of any state funds on any active or senior judge or justice, including those in the City and County of Denver, who is not subject to its provisions. It prohibits any person serving as a judge or justice who is not subject to its provisions from serving as a state court judge or justice at any other level or in any other judicial district, or being deemed a state court judge for any purpose.

The measure would repeal conflicting provisions of the Colorado constitution including:

- The terms of office and qualifications for judges and justices;
- The appointments of judges and justices from a list of nominees submitted by a judicial nominating commission;
- The authority of the commission on judicial discipline to request the appointment of three judges or justices as special masters;
- The confidentiality of papers and proceedings before the commission on judicial discipline;
- The qualifications and number of members of the commission on judicial discipline; and
- The requirement that judges and justices above the county court level be licensed to practice law for at least 5 years.

The Department of Local Affairs believes that counties may have to pay some of the expenses incurred in making information concerning judges computer accessible. The

▬▬▬▬▬▬▬

Department cannot determine the amount of this fiscal impact.

The Office of State Planning and Budgeting deems the fiscal impact of this initiative on the state to be significant but indeterminate, since there will be additional elections and there may be backlogs in the legislature and the courts due to the confirmation process. The Office of State Planning and Budgeting believes that to make judges' and justices' records computer accessible will cost $1,500,000. There will also be a one-time cost for creating and translating the ballot information booklets and election notices of $65,564. Finally, there will be increased costs associated with selecting and training new judges and justices estimated to be $369,087 per year.

Title Set January 6, 1998

Hearing adjourned at 3:45 p.m.

Rehearing Denied on January 20, 1999

Rehearing adjourned 2:15 p.m.

The text of Initiative # 41 is as follows:

**Be it Enacted by the People of the State of Colorado:**

Section 1. Article VI of the state constitution is amended to add:

**Section 6. State judicial personnel—selection, retention, and removal.** After November 6, 2000:

**(1) Term limits.** Future terms of office for county, district, court of appeals, and supreme court judges and justices shall be four years. At each level, no one shall serve more than three future terms of office. Any future partial term shall count as a term of office. Anyone who has served eight years or more at one level shall be eligible for only one future term at that level.

**(2) Selection.** The governor shall nominate all future county, district, probate, juvenile, court of appeals, and supreme court judges and justices. No one shall take office without senate approval following a hearing with public testimony, held ten days or more after public notice. Nominees need not be chosen from a nominating commission list, but shall be qualified electors who reside in their court district while in office. Senate-approved nominees shall face a retention vote on the next annual state election date at least 90 days later.

**(3) Retention and removal. (a)** Despite any appeal, sentence delay, or other excuse, any negative finding by the judicial discipline commission or misdemeanor or felony conviction shall suspend an active or senior judge or justice without pay, and compel a retention vote on the next annual state election date at least 90 days later. With senate approval, the governor shall nominate all future discipline commission members and special masters, who shall not be lawyers, judges, or justices.

**(b)** Any active or senior judge or justice shall be subject to removal on the next annual state election date 90 days or more after petition forms circulated by any adult state residents are filed with required entries, collected within nine months, of registered electors in that court district not to exceed 5% of the general election votes last cast in that district for all secretary of state candidates. Completed entries with an attached circulator oath are deemed valid unless incumbents, within 20 days after entry filing, prove entries invalid without use of random sampling. Absent systematic fraud, if a petition with the required number of entries be rejected, petitioners shall have 20 days to file more entries made at any time. Only petitioners may appeal. One or more members of the same court may be named in the same petition without increasing total entries, but ballot questions and other procedures shall be treated separately. Entries may be collected after a complete master copy of that black-ink petition form, conclusively deemed valid, is provided without charge. No petition or ballot shall list reasons for or against removal.

**(c)** To inform potential voters at any retention or removal election: all future appellate opinions and discipline commission complaints, papers, hearings, and findings shall be public, and shall be computer accessible within ten days; complete calendar year records on caseload, case resolution time, hours of courthouse attendance daily, and criminal sentencing by each

judge or justice shall be public and computer accessible by the next March 1; and, in 12–point or larger type, ballot information booklets and mailed election notices shall include only a finding or conviction defined in (a), a true summary of the latest yearly record, and up to 500 words each for the incumbent and for a summary by the election official of all comments against retention or for removal, which may be filed or mailed by any person or group. No judicial performance commission review shall be included or mentioned. A majority under 60% shall retain that incumbent, or delay removal, only until the next annual election.

(4) **Enforcement. (a)** Section 6 shall be strictly construed; substantial compliance is insufficient. Its provisions are severable and self-executing, and shall not be harmonized with or balanced against, but shall supersede, conflicting state or local laws. Any person or group shall have standing to enforce section 6. Suits shall be filed and orally argued in the supreme court and decided within 90 days of filing. Attorney fees and costs shall always be paid only to successful plaintiffs who seek to enforce section 6.

(b) No one shall serve as an active or senior judge or justice after mandatory retirement, removal by discipline or election, resignation with a retention or removal election pending, or defeat for retention, nor as a senior judge without the written consent of all parties to a case or after being term-limited. After June 30, 2001, no state funds shall be paid, appropriated, loaned, or spent for salary, benefits, or other compensation for an active or senior judge or justice in any state judicial district, including the City and County of Denver, who is not subject to sections 6 and 23, and 25 if active. Such active judge or justice starting a future term, and senior judge or justice serving after 2000, shall not be deemed a state court judge for any purpose, nor ever serve in any active or senior judicial position at another state court level or state judicial district.

Section 2. Article VI, sections 7, 8, 11, 14, 15, 20(1), 23(3)(g), the second sentences of 10(2) and 23(3)(a), and the third clause of the first sentence of 23(3)(e) of the state constitution are repealed.