[No. 39194-5-II.    Division Two.    May 4, 2010.]

THE STATE OF WASHINGTON, *Respondent*, v. MAURICO A. LARIOS-LOPEZ, *Appellant*.

*Manek R. Mistry* and *Jodi R. Backlund* (of *Backlund & Mistry*), for appellant.

*H. Steward Menefee, Prosecuting Attorney*, and *Kraig C. Newman, Deputy*, for respondent.

¶1 HUNT, J. — Maurico A. Larios-Lopez appeals his third degree assault jury conviction. He argues that (1) the State committed prosecutorial misconduct when its closing argument shifted the burden of proof and violated his right to due process and (2) his trial counsel provided ineffective assistance. We affirm.[1]

## FACTS

¶2 Responding to a call about a fight on February 10, 2009, Officer Steve Gonzalez saw Larios-Lopez standing in the residence driveway and instructed him to approach; Larios-Lopez did not comply. After Gonzalez twice repeated the instruction, Larios-Lopez began running with Gonzalez pursuing on foot. Larios-Lopez slipped. Gonzalez grabbed him and yelled for him to stop. Larios-Lopez grabbed Gonzalez's uniform, and the two began struggling and fell to the ground. Larios-Lopez attempted to gain control over Gonzalez and continued holding onto his uniform as they rolled around on the ground. Larios-Lopez got to his feet, and Gonzalez tasered him. Larios-Lopez then turned to Gonzalez and began pulling on the taser with both hands. Gonzalez pulled the taser away from Larios-Lopez. Larios-Lopez started to run away again, Gonzalez tackled Larios-Lopez, and the two began struggling on the ground again.

---

[1] A commissioner of this court initially considered Larios-Lopez's appeal as a motion on the merits under RAP 18.14 and then transferred it to a panel of judges.

Gonzalez sprayed Larios-Lopez with pepper spray, but Larios-Lopez continued to struggle until another officer appeared.

¶3 The State charged Larios-Lopez with third degree assault. During a jury trial, Gonzalez testified as described above, and Larios-Lopez testified in his own defense. In closing, the prosecutor argued:

> Now, in the end, what you are asked to do is determine the truth of this case; this is your function. You will determine what you believe happened and then apply the laws that you are given.
>
> Every person who sits in this chair deserves to be believed by you until they prove themselves to be unbelievable, and that is your sole venue; that is why you are here.
>
> . . . The court clarifies in your instructions what a reasonable doubt means: If after a fair consideration you have an abiding belief of the charge, you are satisfied beyond a reasonable doubt. You have an abiding belief. That is the definition of beyond a reasonable doubt. If, in the end, after all the deliberations, after all the evidence is considered, you still believe, that is an abiding belief.
>
> Abiding belief is one that you can take out of this courtroom. In the end, you have to have moral certainty. Whether you vote guilty or not guilty, you have to know that you did the right thing. That is an abiding belief.

Report of Proceedings (RP) (Apr. 14, 2009) at 51-52. In rebuttal, the prosecutor argued:

> In the end, if you believe this officer is telling the truth, and you believe him to an abiding belief, I have proven to you beyond a reasonable doubt that the defendant is guilty of this crime, and I ask you to find him guilty of assault in the third degree.

RP (Apr. 14, 2009) at 63.

¶4 When it retired to begin deliberations, the jury took the trial court's instructions, which included standard instructions on the State's burden to prove the elements of the crime beyond a reasonable doubt, that the jury is the

sole judge of the credibility of witnesses and weigher of evidence, and that counsel's arguments are not evidence. The jury found Larios-Lopez guilty as charged. He appeals.

## ARGUMENT

### I. Prosecutorial Misconduct

¶5 Larios-Lopez first argues that the above-quoted portions of the State's closing arguments constituted prosecutorial misconduct because they shifted the burden of proof and violated his right to a fair trial. This argument fails.

■ ¶6 The defendant bears the burden of showing that the prosecuting attorney's conduct was both improper and prejudicial. *State v. Fisher*, 165 Wn.2d 727, 747, 202 P.3d 937 (2009) (citing *State v. Gregory*, 158 Wn.2d 759, 858, 147 P.3d 1201 (2006)). Where, as here, defense counsel does not object to the alleged misconduct, we deem the defendant to have waived the issue on appeal unless the misconduct is " 'so flagrant and ill-intentioned that it evinces an enduring and resulting prejudice' " incurable by a jury instruction. *Gregory*, 158 Wn.2d at 841 (quoting *State v. Stenson*, 132 Wn.2d 668, 719, 940 P.2d 1239 (1997), *cert. denied*, 523 U.S. 1008 (1998)).

¶7 In *State v. Fleming*, 83 Wn. App. 209, 213, 921 P.2d 1076 (1996), *review denied*, 131 Wn.2d 1018, 936 P.2d 417 (1997), we held that "it is misconduct for a prosecutor to argue that in order to acquit a defendant, the jury must find that the State's witnesses are either lying or mistaken." During the State's closing argument, the *Fleming* defendants challenged the following statements:

> [F]or you to find the defendants, Derek Lee and Dwight Fleming, not guilty of the crime of rape in the second degree, . . . you would have to find either that [DS] has lied about what occurred in that bedroom or that she was confused; essentially that she fantasized what occurred back in that bedroom.

83 Wn. App. at 213 (emphasis omitted). Division One of our court held that these statements constituted a "flagrant and ill-intentioned" violation of the rules governing a prosecutor's conduct at trial, shifting the burden of proof and invading the defendants' rights to a fair trial. *Fleming*, 83 Wn. App. at 214. Contrary to the State's argument, the jury did not need to find that DS was mistaken or lying in order to acquit; instead, the jury "was *required* to acquit *unless* it had an abiding conviction in the truth of her testimony." *Fleming*, 83 Wn. App. at 213.

■■ ¶8 *Fleming*, however, is distinct from the present case. Here, the prosecutor told the jury, "Whether you vote guilty or not guilty, you have to know that you did the right thing. That is an abiding belief." RP (Apr. 14, 2009) at 52. This statement, taken out of context, appears to urge the jury to have an "abiding belief" in its vote of guilty *or not guilty*, which would be a misstatement of the law: The jury did not need an abiding belief in Larios-Lopez's innocence to acquit; the jury needed only an abiding belief in his guilt to convict.

¶9 But we do not take allegedly improper comments out of context; rather, we view them in the context of the entire argument. *Fisher*, 165 Wn.2d at 747 (citing *Gregory*, 158 Wn.2d at 861). Here, the challenged statement occurred after the prosecutor reminded the jury that it needed "an abiding belief of the charge"; this accurate statement of the law emphasized the State's burden of proof. RP (Apr. 14, 2009) at 52. Thus, viewed as a whole, the State's argument was not improper. Furthermore, also unlike *Fleming*, the State's argument here did not constitute a flagrant and ill-intentioned violation of the rules governing a prosecutor's conduct at trial. We hold, therefore, that in failing to object, Larios-Lopez failed to preserve his challenge to the State's closing argument for appeal.

¶10 Larios-Lopez also challenges the State's arguments about the jury's truth-finding function, the credibility of a witness's testimony until proved unreliable, and the interplay between believing the officer and an abiding belief that

the defendant is guilty. Unlike the statement in *Fleming*, however, here the State correctly told the jury to acquit Larios-Lopez unless it had an abiding belief in the truth of Gonzalez's testimony against him. Again viewing the argument as a whole, it was not improper.

## II. EFFECTIVE ASSISTANCE OF COUNSEL

¶11 Larios-Lopez next argues that, if the prosecutor's arguments did not amount to flagrant and ill-intentioned misconduct warranting review, then his defense counsel rendered ineffective assistance in failing to object to those arguments. This argument also fails.

¶12 To establish ineffective assistance of counsel, the defendant must show (1) that his counsel's performance was deficient in that it fell below an objective standard of reasonableness based on all the circumstances and (2) the deficient performance prejudiced him because, had the errors not occurred, the result would have been different. *State v. McFarland*, 127 Wn.2d 322, 335, 899 P.2d 1251 (1995) (citing *State v. Thomas*, 109 Wn.2d 222, 225-26, 743 P.2d 816 (1987)). Because we have already determined that the prosecutor's arguments were not improper, Larios-Lopez does not show that his counsel's performance was deficient in failing to object to them.[2] We hold, therefore, that Larios-Lopez does not meet his burden to establish ineffective assistance of counsel.

¶13 We affirm.

BRIDGEWATER and ARMSTRONG, JJ., concur.

---

[2] Because Larios-Lopez fails to establish the first prong of the test, we do not address the second prong.