

IN CLERKS OFFICE
SUPREME COURT, STATE OF WASHINGTON

DATE

CHIEF JUSTICE

This opinion was filed for record

at 8:00 am on Dec 8, 2016

SUSAN L. CARLSON
SUPREME COURT CLERK

# IN THE SUPREME COURT OF THE STATE OF WASHINGTON

| | | |
|---|---|---|
| STATE OF WASHINGTON, | ) | No. 92293-4 |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | En Banc |
| | ) | |
| KEVIN RAY CASE, | ) | |
| | ) | Filed |
| Respondent. | ) | |
| | ) | |

GONZÁLEZ, J. — Kevin Case was convicted of felony violation of a domestic violence no-contact order. While normally a gross misdemeanor, violating a no-contact order becomes a felony when an offender has at least two prior convictions for violating a no-contact order or similar order issued under qualifying provisions listed in RCW 26.50.110(5).

In order to limit jury bias, defendants facing a felony charge of violating a domestic violence no-contact order will typically admit to the prior convictions so that the prosecution does not need to introduce the details of those convictions to prove their existence to the jury. Indeed, it would be reversible error for a trial judge to decline to accept such a

stipulation. Like many defendants, Case stipulated that he had been convicted of violating no-contact orders before. However, his stipulation did not explicitly state that the previously violated orders had been issued under qualifying provisions listed in the statute. For the first time on appeal, Case argued the State failed to prove its case because his stipulation was inadequate. We find that whether the prior convictions were issued under qualifying provisions listed in RCW 26.50.110(5) is a threshold legal matter to be decided by the judge and that Case's stipulation, in context, was sufficient. Accordingly, we reverse the Court of Appeals and reinstate his conviction.

## FACTS

Case is no stranger to either the victim here or the consequences of violating a no-contact order. On December 18, 2013, a bystander saw Case standing over and yelling at a woman crouched in a doorway who was "visibly shaking [and had] the look of just death in her face." Verbatim Report of Proceedings (VRP) (Mar. 17-18, 2014) at 10. The bystander, a former police officer, was concerned for the woman's safety. He called 911 and followed Case and Case's victim until police arrived. Responding officers learned the victim had a no-contact order against Case that ordered Case to stay away from her. Case was arrested.

2

The State charged Case with one count of felony violation of a

domestic violence no-contact order under RCW 26.50.110(5). The charging

document alleged the December 2013 incident was the third or subsequent

violation of a similar order and stated that the prior orders were "issued

under Chapter 10.99, 26.09, 26.10, 26.26, 26.50, 26.52, 74.34 RCW, or a

valid foreign protection order as defined in RCW 26.52.020."[1] Clerk's

Papers at 3. At the time of charging, Case already had 13 prior convictions

for violating a no-contact order.

The parties did not formalize the stipulation before trial. Prior to voir

dire, the court confirmed their plan to stipulate and explained, without

objection from either party, that the stipulation would relieve the State of the

---

[1] The information stated in relevant part:

> **COUNT I - FELONY VIOLATIONS OF POST CONVICTION NO**
> **CONTACT ORDER/DOMESTIC VIOLENCE – THIRD OR**
> **SUBSEQUENT VIOLATION OF ANY SIMILAR ORDER, RCW**
> **26.50.110(5), RCW 10.99.020 AND RCW 10.99.050 – CLASS C FELONY:**
> In that the defendant, KEVIN RAY CASE, in the State of Washington, on or
> about December 18, 2013, with knowledge that the Olympia Municipal Court had
> previously issued a no contact order, pursuant to Chapter 10.99 in Olympia
> Municipal Court on July 15, 2013, Cause No. 3Z0193715, did violate the order
> while the order was in effect by knowingly violating the restraint provisions
> therein pertaining to [the victim], a family or household member, pursuant to
> RCW 10.99.020; and furthermore, the defendant has at least two prior convictions
> for violating the provisions of a protection order, restraining order, or no-contact
> order issued under Chapter 10.99, 26.09, 26.10, 26.26, 26.50, 26.52, or 74.34
> RCW, or a valid foreign protection order as defined in RCW 26.52.020.

Clerk's Papers at 3.

"necessity of having to go into detail about those convictions." VRP (Mar.

17-18, 2014) at 6. Most relevantly, the following discussion occurred:

> THE COURT: All right. I understand there's going to be a stipulation as to the fact that Mr. Case has two or more prior convictions for violation of orders of protection or no contact.
>
> MR. TAYLOR: That's correct, Your Honor.
>
> THE COURT: Okay. That relieves the State from the necessity of having to go into detail about those convictions. And so I would expect that that stipulation would be read to the jury and also I'll have it marked as an exhibit so that it goes to the jury during their deliberation process.
>
> MS. WEVODAU: Thank you, Your Honor. That was going to be the State's request, and I do also have the limiting instruction to accompany the stipulation.

*Id.* Near the end of trial, the judge read to the jury Case's stipulation that

> [t]he parties have agreed that certain facts are true. You must accept as true the following facts: The defendant has at least two prior convictions for violating the provisions of a protection order, restraining order, or no-contact order issued under Washington State law.

*Id.* at 66; *see also* Ex. 5 (Stipulation).[2] Neither party objected to the

stipulation or to the to-convict instruction. The to-convict instruction

mirrored the stipulation and said:

---

[2] Case and his attorney signed the stipulation on March 17, 2014, which said in relevant part, "The defendant and the defendant's attorney hereby stipulate the above is a correct statement of the stipulated facts to be presented to the jury." Ex. 5.

To convict the defendant of the crime of violation of a no-contact order as charged, each of the following elements of the crime must be proved beyond a reasonable doubt:

1) that on or about December 18, 2013, there existed a no contact order applicable to the defendant,

2) that the defendant knew of the existence of this order,

3) that on or about said date, the defendant knowingly violated this order,

4) that the defendant has twice been previously convicted for violating the provisions of a court order, and

5) that the defendant's acts occurred in the State of Washington.

*Id.* at 75. This instruction mirrored the pattern jury instruction. 11 WASHINGTON PRACTICE: WASHINGTON PATTERN JURY INSTRUCTIONS: CRIMINAL 36.51.02, at 640 (3d ed. 2008). Neither party objected to the instruction.

On appeal, Case argued for the first time that the State presented insufficient evidence because it failed to show the prior convictions he stipulated to were based on violations of *qualifying* orders. *State v. Case*, 189 Wn. App. 422, 423, 358 P.3d 432 (2015). Agreeing with Case, the Court of Appeals reversed his conviction and dismissed with prejudice, holding the State failed to satisfy the threshold requirement that Case's prior convictions were for violating qualifying court orders. *Id.* at 424.

The State sought discretionary review, arguing that Case's stipulation was sufficient and that the question of whether the prior convictions were qualifying convictions is not an element of the crime that goes to the jury. Case argued that his narrow stipulation did not relieve the State of its burden to prove the adequacy of the stipulation because the stipulation's language encompassed more types of violations than those specifically required for conviction. We granted discretionary review.

ANALYSIS

The elements of a crime are those facts that the State must prove to sustain a conviction. *State v. Miller*, 156 Wn.2d 23, 27, 123 P.3d 827 (2005) (quoting BLACK'S LAW DICTIONARY 559 (8th ed. 2004) and citing *State v. Emmanuel*, 42 Wn.2d 799, 820, 259 P.2d 845 (1953)). Here, the parties agree that the stipulation established the existence of at least two prior convictions and that the validity of the underlying orders is a question of law. The parties disagree whether the stipulation alone was adequate to prove Case had at least two *qualifying* prior convictions. Ultimately, this case turns on questions of law, which we review de novo. *Id.* at 27 (citing *Hue v. Farmboy Spray Co.*, 127 Wn.2d 67, 92, 896 P.2d 682 (1995)).

A "stipulation" is an express waiver that concedes, for purposes of trial, the truth of some alleged fact, with the effect that one party need offer

6

no evidence to prove it and the other is not allowed to disprove it. *State v. Wolf*, 134 Wn. App. 196, 199, 139 P.3d 414 (2006) (quoting *Key Design, Inc. v. Moser*, 138 Wn.2d 875, 893-94, 983 P.2d 653 (1999)). While the State must prove every element of the crime beyond a reasonable doubt, for strategic reasons, defendants charged with felony violation of a domestic violence no-contact order regularly stipulate to prior convictions that are elements of the charged crime in order to constrain the prejudicial effect on a jury. *See generally State v. Oster*, 147 Wn.2d 141, 147, 52 P.3d 26 (2002) (noting the generally "prejudicial effect of prior convictions") "When the parties stipulate to the facts that establish an element of the charged crime, the jury need not find the existence of that element, and the stipulation therefore constitutes a waiver of the 'right to a jury trial on that element.'" *State v. Humphries*, 181 Wn.2d 708, 714-15, 336 P.3d 1121 (2014) (quoting *United States v. Mason*, 85 F.3d 471, 472 (10th Cir. 1996)). The defendant also waives "the right to require the State prove that element beyond a reasonable doubt." *Id.* at 715 (citing *Sullivan v. Louisiana*, 508 U.S. 275, 278, 113 S. Ct. 2078, 124 L. Ed. 2d 182 (1993)). Moreover, it would likely be reversible error to admit evidence about the prior convictions beyond the stipulation unless that evidence pertained to another element of the crime and unless the trial judge properly found that the probative value of such

7

evidence outweighed its significant prejudicial effect. *See* ER 404(b); *State v. Gunderson*, 181 Wn.2d 916, 925, 927, 337 P.3d 1090 (2014) (finding that erroneous admission of prior acts of domestic violence was reversible error).

Case argues that his stipulation does not mirror the statutory language for qualifying provisions in RCW 26.50.110(5) and that this should be dispositive. If we had only the stipulation before us, he might be correct. But we have more than the stipulation before us. In the context of the charging document and sidebar, we are satisfied that Case stipulated he had been convicted of violating qualifying no-contact orders.[3] Absent a timely and specific objection or exception from Case's attorney, the stipulation appeared to establish that Case agreed he had two prior *qualifying* convictions under RCW 26.50.110(5) as alleged in the charging information and was therefore sufficient.[4]

Moreover, whether the prior convictions met the qualifying statutory requirements is a threshold legal determination to be made by the trial judge, not a question for the jury. Whether the prior convictions qualify under

---

[3] We note that Case does not dispute he has been convicted of violating qualifying no-contact orders in the past.

[4] We respectfully disagree with the dissent that there are any hidden holdings in this opinion undoing the state's burden of proof or changing the elements of felony violation of a no-contact order. Nor does this opinion overrule *Oster*, 147 Wn.2d 141, or *State v. Roswell*, 165 Wn.2d 186, 196 P.3d 705 (2008). The question here is merely whether the stipulation—offered to constrain the prejudice that would inevitably follow disclosing the specifics of prior convictions—was sufficient to sustain the State's burden to prove every essential element of the crime beyond a reasonable doubt.

RCW 26.50.110(5) is a substantially similar question to whether a prior no-contact order was valid—a question of law to be decided by a judge, not a jury. *State v. Miller*, 156 Wn.2d 23, 24, 123 P.3d 827 (2005). If the prior convictions do not qualify, they are almost certainly inadmissible on this point under ER 404(b). Case has failed to show that his stipulation was based on non qualifying, and thus inadmissible, prior convictions. Even if it was error for the trial judge not to explicitly confirm with Case that he was stipulating to *qualifying* prior convictions, any error was harmless and Case is not entitled to relief on appeal.

## CONCLUSION

We conclude that Case stipulated to the sufficiency of his prior qualifying convictions. We reverse the Court of Appeals, reinstate Case's conviction, and remand to the trial court for any further proceedings consistent with this opinion.

*State v. Case*, No. 92293-4

Gonzáles, J.

WE CONCUR:

_____          Stephens, J.

_____          Wiggins, J.

Owens, J.

_____          Yu, J.

10

*State. v. Case (Kevin Ray)*

No. 92293-4

MADSEN, C.J. (concurring)—I agree with the majority that the Court of Appeals decision must be reversed and defendant's conviction reinstated. I also agree with the majority that the determination of whether defendant's prior convictions were based on qualifying orders as set forth in RCW 26.50.110(5), thereby ultimately increasing his punishment, is a legal question for the trial court, and that in the circumstances of this case, the defendant's stipulation is sufficient to resolve that inquiry. I write separately to express my view that the method employed by the Court of Appeals and the majority here—splitting the prior convictions inquiry into a legal question for the trial court and a factual question for the jury—is unnecessary and unwarranted. This is so because the provision at issue concerns prior convictions, which are an exception to the general rule that any fact increasing a penalty must be decided by the jury.

In *Apprendi v. New Jersey*, 530 U.S. 466, 120 S. Ct. 2348, 147 L. Ed. 2d 435 (2000), the Supreme Court expressly excluded a defendant's prior criminal history as a matter for jury deliberation. "*Other than the fact of a prior conviction*, any fact that increases the penalty for a crime beyond the prescribed statutory maximum must be submitted to a jury, and proved beyond a reasonable doubt." *Id.* at 490 (emphasis added).

Four years later, in *Blakely v. Washington*, 542 U.S. 296, 301, 124 S. Ct. 2531, 159 L.

Ed. 2d 403 (2004), the Supreme Court explicitly preserved its prior holding in *Apprendi*

that a sentencing enhancement based on a defendant's prior conviction does not have to

be presented to a jury. *See also United States v. Quintana-Quintana*, 383 F.3d 1052,

1053 (9th Cir. 2004) (noting the continuing viability of the *Apprendi* rule and its

exception for prior convictions); *United States v. Harris*, 447 F.3d 1300, 1303 (10th Cir.

2006) (same); *Alleyne v. United States*, ___ U.S. ___, 133 S. Ct. 2151, 2160 n.1, 186 L.

Ed. 2d 314 (2013) (acknowledging the prior convictions exception expressed in *Apprendi*

and *Almendarez-Torres v. United States*, 523 U.S. 224, 118 S. Ct. 1219, 140 L. Ed. 2d

350 (1998)). Under this precedent, the issue of prior convictions need not be submitted

to a jury.[1]

I now turn to the plain language of the statute. RCW 26.50.110 is titled "Violation

of order—Penalties," and provides in relevant part at subsections (1)(a), (4), and (5) as

follows:

> (1)(a) Whenever an order is granted under this chapter, chapter 7.92, 7.90,
> 9A.46, 9.94A, 10.99, 26.09, 26.10, 26.26, or 74.34 RCW, any temporary
> order for protection granted under chapter 7.40 RCW pursuant to chapter
> 74.34 RCW, or there is a valid foreign protection order as defined in RCW
> 26.52.020, and the respondent or person to be restrained knows of the

---

[1] The rationale for excepting prior convictions from the jury requirement is explained in
*Apprendi* as follows:
> [T]here is a vast difference between accepting the validity of a prior judgment of
> conviction entered in a proceeding in which the defendant had the right to a jury
> trial and the right to require the prosecutor to prove guilt beyond a reasonable
> doubt, and allowing the judge to find the required fact under a lesser standard of
> proof.
530 U.S. at 496.

2

order, *a violation of any of the following provisions of the order is a gross misdemeanor, except as provided in subsections (4) and (5) of this section*:

(i) The restraint provisions prohibiting acts or threats of violence against, or stalking of, a protected party, or restraint provisions prohibiting contact with a protected party;

(ii) A provision excluding the person from a residence, workplace, school, or day care;

(iii) A provision prohibiting a person from knowingly coming within, or knowingly remaining within, a specified distance of a location;

(iv) A provision prohibiting interfering with the protected party's efforts to remove a pet owned, possessed, leased, kept, or held by the petitioner, respondent, or a minor child residing with either the petitioner or the respondent; or

(v) A provision of a foreign protection order specifically indicating that a violation will be a crime.

. . . .

(4) Any *assault* that is a violation of an order issued under this chapter, chapter 7.92, 7.90, 9A.46, 9.94A, 10.99, 26.09, 26.10, 26.26, or 74.34 RCW, or of a valid foreign protection order as defined in RCW 26.52.020, and that does not amount to assault in the first or second degree under RCW 9A.36.011 or 9A.36.021 *is a class C felony*, and any conduct in violation of such an order that is *reckless* and creates a substantial risk of death or serious physical injury to another person is a class C felony.

(5) *A violation of a court order issued under this chapter*, chapter 7.92, 7.90, 9A.46, 9.94A, 10.99, 26.09, 26.10, 26.26, or 74.34 RCW, or of a valid foreign protection order as defined in RCW 26.52.020, *is a class C felony if the offender has at least two previous convictions for violating the provisions of an order issued under this chapter*, chapter 7.90, 9A.46, 9.94A, 10.99, 26.09, 26.10, 26.26, or 74.34 RCW, or a valid foreign protection order as defined in RCW 26.52.020. The previous convictions may involve the same victim or other victims specifically protected by the orders the offender violated.

RCW 26.50.110 (emphasis added).

As can be seen, violations that are designated as gross misdemeanors are set forth in subsection (1)(a). Subsection (4) elevates punishment to felony status when additional conduct is present in the form of "assault . . . that does not amount to assault in the first or second degree," and for "reckless" conduct that "creates a substantial risk of death or

3

serious physical injury to another person." RCW 26.50.110(4). The presence of such *additional conduct* that would increase a sentence is clearly the type of inquiry that must go to the jury under *Apprendi*. *See Alleyne*, 133 S. Ct. 2151 (finding as to whether defendant had brandished, as opposed to merely carried, a firearm in connection with crime of violence that would elevate mandatory minimum term for firearms offense from five to seven years was element of separate, aggravated offense that had to be found by jury). By contrast, subsection (5) does not add any conduct or other element; it simply designates a third or subsequent violation (as described in subsection (1)(a)) as a felony, thereby elevating the punishment for the present violation based on the existence of prior convictions that are unrelated to the current violation. Thus, in my view, because RCW 26.50.110(5) does not add additional conduct but relies only on prior convictions to increase punishment, it operates like a recidivist statute. "[R]ecidivism 'does not relate to the commission of the offense' itself." *Apprendi*, 530 U.S. at 496 (quoting *Almendarez-Torres*, 523 U.S. at 230).

In light of the similarity with recidivist statutes, in my view appropriate guidance may be gleaned from our case law interpreting and applying the Persistent Offender Accountability Act (POAA) of the Sentencing Reform Act of 1981, RCW 9.94A.570. *See State v. Witherspoon*, 180 Wn.2d 875, 881, 329 P.3d 888 (2014). We recently addressed the interplay between the POAA and *Apprendi* in *Witherspoon*. Under the POAA, adult offenders convicted in Washington of "'three most serious offenses'" are sentenced to life in prison without the possibility of release. *Id.* at 888 (internal quotation

4

marks omitted) (quoting *State v. Rivers*, 129 Wn.2d 697, 713, 921 P.2d 495 (1996)). The State must prove previous convictions by a preponderance of the evidence and "the defendant is not entitled to a jury determination on this issue." *Id.* at 894. In *Witherspoon*, we observed that "the POAA does not violate state or federal due process by not requiring that the existence of prior strike offenses be decided by a jury." *Id.* at 892. We noted in this context, "'[i]n applying *Apprendi*, we have held that the existence of a prior conviction need not be presented to a jury and proved beyond a reasonable doubt.'" *Id.* at 893 (quoting *In re Pers. Restraint of Lavery*, 154 Wn.2d 249, 256, 111 P.3d 837 (2005)); *see also id.* at 892 ("We have repeatedly held that the right to jury determinations does not extend to the fact of prior convictions for sentencing purposes."). Under *Witherspoon*, because a jury determination of prior convictions is not required, "a judge may find the fact of a prior conviction by a preponderance of the evidence" for purposes of the POAA. *Id.* In my view, the same should be true for the analogous situation here—a sentencing judge alone should make any determinations regarding prior convictions.

With these observations, I concur.[2]

---

[2] The dissent relies on *In re Winship*, 397 U.S. 358, 90 S. Ct. 1068, 25 L. Ed. 2d 368 (1970), and *United States v. Gaudin*, 515 U.S. 506, 115 S. Ct. 2310, 132 L. Ed. 2d 444 (1995), for the proposition that any fact that increases punishment must be submitted to a jury and found beyond a reasonable doubt. Dissent at 1-2. But *Apprendi* addressed both of these cases, *see Apprendi*, 530 U.S. at 471, 477, and nevertheless concluded as discussed herein that prior convictions are an exception to the general rule that any fact that increases the penalty for a crime must be decided by a jury. As discussed in *Apprendi*, *Winship* and *Gaudin* do not compel the result advocated by the dissent.

No. 92293-4
(Madsen, C.J., concurring)

Madsen, C.J.

No. 92293-4

GORDON McCLOUD, J. (dissenting)—Kevin Case was convicted of felony

violation of a no-contact order in violation of RCW 26.50.110(5). That subsection

(5) enhances the crime from a misdemeanor to a felony "if the offender has at least

two previous convictions for violating the provisions of an order issued under

[*specifically listed statutes*]." (Emphasis added.) Fifteen years ago, when dealing

with an identically structured statute, we held that this prerequisite to conviction

constitutes an element of the crime. *State v. Oster*, 147 Wn.2d 141, 147-48, 52 P.2d

26 (2002). Without overruling or even acknowledging its conflict with that holding,

the majority seems to conclude either that this prerequisite to conviction is not an

element or that the State need not prove this element of this crime to a jury beyond

a reasonable doubt.

Either holding would conflict with controlling prior precedent. The first one

conflicts in principle with *Oster* and its progeny, as discussed in Section 2 below.

The second one conflicts directly with not just *In re Winship*,[1] the seminal Supreme

Court decision holding that all elements must be proved to the jury beyond a

---

[1] 397 U.S. 358, 364, 90 S. Ct. 1068, 26 L. Ed. 2d 368 (1970).

reasonable doubt, but also with *United State v. Gaudin*,[2] which held that *Winship*'s

general rule applies even where, as here, the element contains both legal and factual

parts. This is discussed in Section 3 below. This court should follow *Winship*'s and

*Gaudin*'s constitutional holdings. I therefore respectfully dissent.

## ANALYSIS

### 1. Introduction

The parties here stipulated that Case had two prior convictions for violations

of a protective order "under Washington State Law." Verbatim Report of

Proceedings (VRP) (Mar. 17-18, 2013) at 66; Ex. 5. But the stipulation did not

specify the statutes under which these protective orders were issued. And the

statutory prerequisite to conviction under RCW 26.50.110(5) is not prior convictions

for violating protective orders issued under *any* "Washington State Law." Instead,

RCW 26.50.110(5)'s statutory prerequisite to conviction is that "the offender has at

least two previous convictions for violating *the provisions of an order issued under*

*this chapter, chapter 7.90, 9A.46, 9.94A, 10.99, 26.09, 26.10, 26.26, or 74.34 RCW,*

*or a valid foreign protection order as defined in RCW 26.52.020.*" (Emphasis

added.)

---

[2] 515 U.S. 506, 514, 115 S. Ct. 2310, 132 L. Ed. 2d 444 (1995).

Importantly, the first phrase—a prior conviction "under Washington State Law"—is not synonymous with the statutory phrase "the offender has at least two previous convictions for violating the provisions on an order issued under [specifically listed statutes]." RCW 26.50.110(5). The difference is that the statutory phrase limits the qualifying enhancing prior convictions to the ones specifically listed. And there are other, unlisted, statutes under which protective orders might have been issued. *E.g.*, RCW 10.14.080 (temporary antiharassment protection order); RCW 26.44.150(1) (temporary restraining order against person accused of abusing a child).

The stipulation was therefore not narrow enough to establish that the prior convictions were *qualifying* convictions.

2. *The Majority's Holding That the Prior-Qualifying-Convictions Prerequisite To Conviction Is Not an Element Conflicts with Recent Decisions of This Court*

We granted review in this case to decide whether the existence of those two qualifying prior convictions constitutes an element of the crime charged here, i.e., felony violation of a no-contact order in violation of RCW 26.50.110(5), which must be proved to a jury beyond a reasonable doubt. The majority answers that question by saying, "Whether the prior convictions qualify under RCW 26.50.110(5) is . . . a

3

question of law to be decided by a judge, not a jury." Majority at 9.[3] But all elements

must be proved to a jury beyond a reasonable doubt. *Winship*, 397 U.S. at 364; *State*

*v. Rich*, 184 Wn.2d 897, 903, 365 P.3d 746 (2016). So either the majority is treating

the existence of two prior qualifying convictions as something other than an element,

or the majority is making a brand new exception to the rule that all elements must

be proved to the jury.

Either holding violates controlling precedent. If the majority is holding that

the prior-qualifying-conviction prerequisite is not really an element, then the

majority's holding conflicts with controlling decisions of this court.[4] Almost 15

---

[3] The majority begins with several assertions about Case's prior bad acts. *E.g.*, majority at 2 ("Case is no stranger to . . . the consequences of violating a no-contact order."), 3 ("At the time of charging, Case already had 13 prior convictions for violating a no-contact order."). These assertions are not relevant to the legal question that we must decide, that is—whether the rule that the State must prove all the elements of the crime to a jury, beyond a reasonable doubt, no matter how bad of an actor the defendant is—applies to the element at issue in this case.

[4] The concurrence is certainly correct that following *Apprendi v. New Jersey*, 530 U.S. 566, 120 S. Ct. 2348, 147 L. Ed. 2d 435 (2000), a prior criminal conviction does not *have to* be treated as an element of the crime under the Fourteenth Amendment to the United States Constitution. Concurrence at 5. That is a holding about the limits of the federal constitution's protections. But our court's own prior precedent held that the prior convictions prerequisite contained in RCW 26.50.110(5) *was* an element of the crime based on state statutory interpretation. *Oster*, 147 Wn.2d at 147-48; *State v. Roswell*, 165 Wn.2d 186, 192, 196 P.3d 705 (2008). *Apprendi* does not affect or diminish our state Supreme Court cases interpreting state statutory law to provide greater protections of individual rights than the United States Constitution.

4

years ago, in *Oster*, we held that the prior conviction requirement in a similarly structured statute constituted an element of the crime. 147 Wn.2d at 147-48. To be sure, the main question in *Oster* was whether the prior convictions had to be listed in the to-convict instruction or whether placement in some other instruction sufficed. *Id.* at 143. But before the court could reach that question, it had to decide whether the prior convictions were indeed elements. On that preliminary point, our court held, "As set forth in the statute, the prior convictions function as an element of the felony violation of a no contact order." *Id.* at 146.

We followed *Oster*'s holding in *State v. Roswell*, 165 Wn.2d 186, 196 P.3d 705 (2008). In *Roswell*, the statute at issue—former RCW 9.68A.090 (2004)—elevated the crime of communicating with a minor for immoral purposes from a misdemeanor to a felony. The issue for our court was whether a defendant was entitled to bifurcate the trial between judge and jury to keep the prior convictions evidence away from the jury. *Id.* at 190. But before the court could reach that question, it decided whether the prior convictions were actually elements or were, instead, simply aggravating sentencing factors. *Id.* at 193-94. The court held that the prior convictions prerequisite to a current conviction of this felony constituted an element. We explicitly stated, "Despite the similarities between an aggravating factor and a prior conviction element, under RCW 9.68A.090(2), a prior sexual

offense conviction [was] an essential element that must be proved beyond a reasonable doubt." *Id.* at 192.[5]

If the majority's decision—that "the prior convictions qualify under RCW 26.50.110(5) is . . . a question of law to be decided by a judge, not a jury"—means that the prior-qualifying-convictions prerequisite is not an element, then that holding conflicts with our decisions in *Oster* and *Roswell*. Majority at 9. And the majority gives no explanation for this conflict and silent overruling of that prior precedent.

3. *The Majority's Holding That the State Need Not Prove the Prior-Qualifying-Convictions Element to the Jury beyond a Reasonable Doubt Because It Is Mainly Legal, Rather Than Factual, Conflicts with Controlling Supreme Court Precedent*

If the majority instead means to say that the prior-qualifying-convictions prerequisite remains an element, but that it is an element that implicates "a question of law" and that such a legal question—element or not—is "to be decided by a judge, not a jury," then this holding conflicts with a different line of cases.

---

[5] In *State v. Miller*, also decided in 2005, we addressed a related question: whether the State had to prove, as an element of the offense, that the no-contact order violated was valid. 156 Wn.2d 23, 25-26, 123 P.3d 827 (2005). The parties agreed that the no-contact order must be valid in order to support a conviction. *Id.* at 25. They disagreed, however, about whether the validity of the order was a question of law for the judge or a question of fact for the jury. *Id.* We held that the "'existence'" of a no-contact order was an element for the jury but the "'validity'" of that order was a question of law for the court. *Id.* at 24. We did not address whether the existence of an actual no-contact order of the sort listed in the statute—one issued under certain statutory provisions and not others—was an element or not.

6

Specifically, it conflicts with the United States Supreme Court's decision in *Gaudin*. 515 U.S. at 511-15. In *Gaudin*, the Supreme Court held that all elements, whether they are characterized as legal or factual, must be proven to the jury beyond a reasonable doubt. *Id.* (rejecting the government's position that since the element of "materiality" in a perjury prosecution is "a 'legal' question," that element can be proved to a judge rather than a jury).

The parties' focus on our decision in *Miller* in support of a different rule is therefore misplaced. *Gaudin*'s holding on this point of federal constitutional law is controlling; any contrary, and less protective, implications in *Miller* are not. And *Gaudin* clearly stated, as the dispositive holding of that case, that "*all* elements" of an offense, whether characterized by the government as legal or factual, are for the jury. *Id.* at 519.[6]

---

[6] Neither *Miller* nor *State v. Carmen*, 118 Wn. App. 655, 668, 77 P.3d 368 (2003), also cited by the parties, discussed *Gaudin*'s 1995, constitutional, holding. Nor did the parties to this case. But *Gaudin* still compels the conclusion that if the existence of a prior qualifying conviction is an element of felony violation of a no-contact order under RCW 26.50.110(5), then the entire element—including whether the convictions arose from a qualifying statute—is for the jury to decide.

7

4. *The Majority's Holding That the Stipulation Sufficed To Prove This Factor, Even If It Were an Element, Conflicts with the Rule That What the Parties Stipulate to Is Determined by the Four Corners of the Stipulation*

The majority spends little time on these important points. Instead, it engages in a lengthier discussion of how Case really stipulated to the prior-qualifying-convictions thing, anyway.

It is certainly true that a defendant can stipulate to facts that prove an element of the crime, and that such a stipulation constitutes a waiver of the right to require the state to prove that element. *State v. Wolf*, 134 Wn. App. 196, 199, 139 P.3d 414 (2006) ("'A stipulation is [a]n express waiver . . . conceding for the purposes of the trial the truth of some alleged fact, with the effect that one party need offer no evidence to prove it and the other is not allowed to disprove it.'" (alterations in original) (internal quotation marks omitted) (quoting *Key Design, Inc. v. Moser*, 138 Wn.2d 875, 893-94, 983 P.2d 653 (1999))). And it is also true that in this case the trial judge, referring to the stipulation, said, "That relieves the State from the necessity of having to go into detail about those convictions." Verbatim Report of Proceedings (Mar. 17-18, 2013) at 6.

The majority asserts that this stipulation "*appeared* to establish that Case agreed he had two prior *qualifying* convictions under RCW 26.50.110(5) as alleged in the charging information." Majority at 8 (first emphasis added).

8

That's not how it appears to me. The reason is that what the parties stipulate to is generally determined by the four corners of the stipulation itself. *See Braxton v. United States*, 500 U.S. 344, 350, 111 S. Ct. 1854, 114 L. Ed. 2d 385 (1991) (holding that courts review stipulations "just as we would review a determination of meaning and effect of a contract, or consent decree, or proffer for summary judgment"); *Stell v. State*, 496 S.W.2d 623, 626 (Tex. Crim. App. 1973) (construing stipulations narrowly). And there is nothing about the specifically listed qualifying crimes prerequisite within the four corners of the stipulation.

5. *The Majority's Holding That the Stipulation Sufficed To Prove This Factor, Even If It Were an Element, Conflicts with the Rule That, in a Criminal Case, the Government Must Accept the Risk of Any Deficiency in a Stipulation*

Further, if the government accepts a stipulation to a particular fact but the stipulation is inadequate, then the government must accept that risk. *Tompkins v. State*, 278 Ga. 857, 857, 607 S.E.2d 891 (2005) (refusing to imply from defendant's stipulation to a bench trial that the stipulation also included a stipulation regarding venue); *United States v. Hollis*, 506 F.3d 415, 419-20 (5th Cir. 2007) (refusing to imply from defendant's stipulation to prior convictions that these prior convictions were valid or constitutionally obtained so as to preclude the defendant from challenging the validity of those convictions at sentencing under the federal Armed Career Criminal Act of 1984 (18 U.S.C. § 924(e)); *Gooding v. Stotts*, 856 F. Supp.

1504, 1508 (D. Kan. 1994) ("If the proof is lacking, regardless of whether a case is tried to the court on stipulated facts or to a jury, on either stipulated facts or in a trial filled with in-court testimony, the result is the same—the defendant is found not guilty."); *State v. Behr*, No. A07-2166, 2009 WL 233844, at *2 (Minn. Ct. App. Feb. 3, 2009) (unpublished) (holding there was insufficient evidence to convict defendant based on a prior crimes stipulation because the stipulation did not indicate whether the convictions occurred within the requisite time period); *McClure v. State*, No. 12-05-00209-CR, 2006 WL 1791628, at *2-3 (Tex. Ct. App. June 30, 2006) (unpublished) (explaining that a specific stipulation regarding only one part of a prior conviction element does not necessarily include a stipulation as to the remaining parts).

In fact, most of the authority cited immediately above addressing this issue arose in the same context presented here: stipulations entered in cases where a prior conviction was a factor that increased the severity of a crime. *E.g.*, *Hollis*, 506 F.3d at 419-20; *State v. Jabbar*, No. A14-0076, 2015 WL 303632, at *3 (Minn. Ct. App. Apr. 14, 2015) (unpublished); *Behr*, 2009 WL 233844, at *2; *McClure*, 2006 WL 1791628, at *2-3.

Under this authority, Case's stipulation was insufficient to establish that he had two qualifying prior convictions.

The State has made the backup argument that Case invited this error by signing the stipulation and should not be able to benefit from his own inadequate stipulation. But it was not just *his* stipulation—the State was the party that offered it (VRP (Mar. 17-18, 2013) at 66; Ex. 5), the defense did not object, and both parties signed it. The invited error doctrine does not apply because the stipulation was introduced by the State as part of its evidence, and thus Case cannot be blamed for "setting up" the error. *State v. Wakefield*, 130 Wn.2d 464, 475, 975 P.2d 183 (1996) (explaining that the invited error doctrine prohibits a party from setting up an error and then complaining of it on appeal).

## CONCLUSION

For these reasons, I would affirm the decision of the Court of Appeals that the evidence was insufficient to convict.

11

Gordon McCloud, J.

Fairhurst, J.

12