# IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON

## DIVISION II

| | |
|---|---|
| STATE OF WASHINGTON, | No. 49359-4-II |
| Respondent, | UNPUBLISHED OPINION |
| v. | |
| PAUL BURKS, | |
| Appellant. | |

BJORGEN, C.J. — Paul Burks appeals his conviction and sentence for felony violation of a court order. Burks argues that the superior court improperly calculated his offender score and counsel provided ineffective assistance by assenting to the superior court's calculation. He also claims the superior court provided the jury with an improper to-convict instruction for felony violation of a court order. In addition, he asks us to decline to impose appellate costs.

We hold that the superior court properly calculated Burks' offender score and that he received effective assistance of counsel. We also hold that the superior court provided the jury with a proper to-convict instruction. Finally, because the State has indicated that it will not seek appellate costs, we deem them waived.

Accordingly, we affirm the superior court.

### FACTS

On August 5, 2016, the State charged Burks with one count of first degree burglary (count I), one count of felony violation of a court order (count II), and one count of interfering with reporting domestic violence (count III), each with a special allegation of domestic violence.

No. 49359-4-II

The State submitted an amended information, which included the following language associated with count II:

> [A]nd furthermore, the Defendant did have at least two prior convictions for violating the provisions of a court order issued under Chapter 7.90, 9A.46, 9.94A, 10.99, 26.09, 26.10, 26.26, 26.50, and/or 74.34 RCW, or a valid foreign protection order as defined in RCW 26.52.020; contrary to Revised Code of Washington 26.50.110.

Clerk's Papers (CP) at 12-13.

The evidence showed that Burks was subject to a no-contact order prohibiting him from contacting Tanya Bierlein, the victim in this case, and that he sent text messages to Bierlein on April 14, 2016. The no-contact order was entered on October 27, 2015 and remains in effect until December 31, 2018.

On the first day of trial, Burks and the State stipulated that Burks had been convicted of violating a court order under chapter 26.50 RCW on two separate occasions. The stipulation stated, in part:

> It is hereby mutually understood, agreed and stipulated between and among the parties that the following information shall be submitted to the jury as an agreed fact and may be used by the jury for the purpose of determining whether the Defendant [Burks] is guilty of Violation of Court Order as charged in Count II—
>
> > The person before the Court and who has been identified in the charging document as Defendant [Burks] was convicted on July 21, 2014 of Violation of Court Order, pursuant to RCW 26.50.
> >
> > The person before the Court and who has been identified in the charging document as Defendant [Burks] was convicted on April 17, 2014 of Violation of Court Order, pursuant to RCW 26.50.

CP at 25 (emphasis omitted).

2

Burks signed an additional certificate that was included in the stipulation, which stated, in part, as follows:

> I understand by this process that I am giving up the right to dispute whether the judgments and sentences that were entered [in the two prior cases for violation of a court order] are predicate offenses for purposes of elevating the current offense to a felony and the right to dispute whether I was the individual convicted in the [same] judgments and sentences that were entered [in the prior cases].

CP at 26.

The superior court also engaged in a colloquy with Burks and the State before it accepted the stipulation:

> [Court]:      Okay.  Thank you.
> Do we have—I've been handed a couple of different stipulations.  Are you intending to enter into stipulations today?
> [Defense]:     We are, Your Honor.
> [Court]:      Let's talk about the *Old Chief* instruction, first.
> [State]:      I have an original here.  It bears all parties' signatures.
> [Court]:      Mr. Burks, I have a stipulation to facts regarding Count II, Violation of a Court Order, and it indicates to me that you have signed a stipulation today.  And the stipulation would be that the person before the court and who has been identified in the charging document [a]s defendant Paul Jason Burks was convicted on July 21, 2014, of Violation of a Court Order pursuant to RCW 26.50. . . .  The person before the court and who has been identified in the charging document as defendant Paul Jason Burks was convicted on April 17, 2014, Violation of a Court Order pursuant to that statute, RCW 26.50. . . .
> That's the stipulation that I understand you've entered into.  Is that correct?
> [Burks]:      Yes, sir.
> [Court]:      There's a certificate of defendant attached to this stipulation.  Did you have a chance to go over that with your lawyer?
> [Burks]:      Yes, sir.
> [Court]:      Did you have any questions concerning that?
> [Burks]:      No, sir.
> [Court]:      The certified copies of the Judgment and Sentence have been marked as Exhibits 3 and 4 respectively . . . and you are giving up your right to dispute whether the judgment and sentences that were entered [in the two prior convictions] are the predicate offenses for purposes of elevating this charge from a gross misdemeanor to a felony.  Do you understand that?

> [Burks]:     Yes, sir.
> [Court]:     Has anybody promised you anything to get you to do this?
> [Burks]:     No, sir.
> [Court]:     This stipulation is something you are entering into freely and voluntarily.
> [Burks]:     Yes, sir.
> [Court]:     Now, I need to ask you: Did you read this or have this read to you?
> [Burks]:     I read it.
> [Court]:     Okay. And you didn't have any questions about it?
> [Burks]:     No, sir.

Verbatim Report of Proceedings (VRP) (Aug. 8, 2016) at 15-17.

The jury's to-convict instruction for violation of a court order read as follows:

> To convict the defendant of the crime of violation of a court order, each of the following five elements of the crime must be proved beyond a reasonable doubt:
>
> (1) That on or between April 14, 2016 and April 15, 2016 there existed a no-contact order applicable to the defendant;
> (2) That the defendant knew of the existence of this order;
> (3) That on or about said date, the defendant knowingly violated a provision of this order;
> (4) That the defendant had twice been previously convicted for violating the provisions of a court order; and
> (5) That the acts occurred in the State of Washington.

CP at 48.

At the conclusion of trial, the jury found Burks guilty of felony violation of a court order and not guilty of first degree burglary or interfering with reporting of domestic violence. The jury also determined that Burks and Bierlein were members of the same household.

At sentencing, the State argued that Burks' offender score should be 6, based on his prior felony violation of a court order (2 points), two gross misdemeanor violations of a court order (1 point each), and two convictions for fourth degree assault (1 point each), all of which were pleaded and proved as domestic violence offenses. The superior court determined that Burks'

4

offender score was 6, and sentenced him to a standard range sentence of 47 months on his

conviction for felony violation of a court order. Burks' defense counsel did not object to the

court's calculation of Burks' offender score of 6.

Burks appeals his conviction and sentence.

ANALYSIS

I. OFFENDER SCORE

A. Standard of Review

We review a question of statutory interpretation de novo as a question of law. *Bostain v.*
*Food Exp., Inc.*, 159 Wn.2d 700, 708, 153 P.3d 846 (2007).

B. Legal Principles

We try to effectuate the legislature's intent in interpreting a statute. *Bostain*, 159 Wn.2d
at 708. "If the statute's meaning is plain, [this court] give[s] effect to that plain meaning as the

expression of the legislature's intent." *Bostain*, 159 Wn.2d at 708. "Plain meaning is

determined from the ordinary meaning of the language used in the context of the entire statute in

which the particular provision is found, related statutory provisions, and the statutory scheme as

a whole." *Bostain*, 159 Wn.2d at 708.

Further, we use traditional rules of grammar in discerning the plain language of a statute.
*State v. Bunker*, 169 Wn.2d 571, 578, 238 P.3d 487 (2010). Our Supreme Court has explained

one rule of grammar applied to statutory interpretation is "the last antecedent rule, which states

that qualifying or modifying words and phrases refer to the last antecedent." *Bunker*, 169 Wn.2d

at 578. Our Supreme Court has also acknowledged the corollary principle to the last antecedent

rule, that "'the presence of a comma before the qualifying phrase is evidence the qualifier is

intended to apply to all antecedents instead of only the immediately preceding one.'" *Bunker*, 169 Wn.2d at 578 (quoting *City of Spokane v. County of Spokane*, 158 Wn.2d 661, 673, 146 P.3d 893 (2006)).

C.      Domestic Violence Sentencing

The trial court calculated Burks' offender score under former RCW 9.94A.525(21) (2013), which stated in part:

> If the present conviction is for a felony domestic violence offense where domestic violence as defined in RCW 9.94A.030 was plead[ed] and proven, count priors as in subsections (7) through (20) of this section; however, count points as follows:
>
> (a) Count two points for each adult prior conviction where domestic violence as defined in RCW 9.94A.030 was plead[ed] and proven after August 1, 2011, for the following offenses: A violation of a no-contact order that is a felony offense, a violation of a protection order that is a felony offense, a felony domestic violence harassment offense, a felony domestic violence stalking offense, a domestic violence Burglary 1 offense, a domestic violence Kidnapping 1 offense, a domestic violence Kidnapping 2 offense, a domestic violence unlawful imprisonment offense, a domestic violence Robbery 1 offense, a domestic violence Robbery 2 offense, a domestic violence Assault 1 offense, a domestic violence Assault 2 offense, a domestic violence Assault 3 offense, a domestic violence Arson 1 offense, or a domestic violence Arson 2 offense;
> . . . .
> (c) Count one point for each adult prior conviction for a repetitive domestic violence offense as defined in RCW 9.94A.030, where domestic violence as defined in RCW 9.94A.030, was plead[ed] and proven after August 1, 2011.

Burks argues that the superior court erred by calculating his offender score under this provision applicable to felony domestic violence because his sending text messages to Bierlein did not meet the definition of "domestic violence" under RCW 10.99.020(5)(r). RCW 10.99.020 defines "domestic violence" in part as:

> (5) "Domestic violence" includes but is not limited to any of the following crimes when committed by one family or household member against another:
> . . . .

6

(r) Violation of the provisions of a restraining order, no-contact order, or protection order restraining or enjoining the person or restraining the person from going onto the grounds of or entering a residence, workplace, school, or day care, or prohibiting the person from knowingly coming within, or knowingly remaining within, a specified distance of a location.

Burks contends that the final clause of that provision,

from going onto the grounds of or entering a residence, workplace, school, or day care, or prohibiting the person from knowingly coming within, or knowingly remaining within, a specified distance of a location[,]

applies to all of the orders listed in that provision, and that the jury was therefore required to find that he "had violated a provision of the no-contact order prohibiting him from going to or near Bierlein's home, workplace, or school," for former RCW 9.94A.525(21) to apply. Br. of Appellant at 8. We disagree.

Applying the last antecedent rule of statutory interpretation, the qualifying clause, "from going onto the grounds of or entering a residence, workplace, school, or day care, or prohibiting the person from knowingly coming within, or knowingly remaining within, a specified distance of a location," only applies to a "protection order restraining or enjoining the person." RCW 10.99.020(5)(r). In addition, applying the qualifying clause to no-contact orders would be inconsistent with the nature of those orders, since they may also prohibit verbal contact.

For these reasons, under RCW 10.99.020(5)(r) a domestic violence offense includes a violation of the provisions of (1) a restraining order, (2) a no-contact order, or (3) a protection order restraining or enjoining a person from going onto a particular place or knowingly coming or remaining within a specific distance from a particular location. Therefore, we hold that the superior court did not err in calculating Burks' offender score under former RCW

9.94A.525(21), because the jury found Burks and Bierlein were members of the same household and Burks violated the provisions of their no-contact order.

## II. INEFFECTIVE ASSISTANCE OF COUNSEL

Burks argues that he received ineffective assistance of counsel when his attorney agreed to the superior court's calculation of his offender score under former RCW 9.94A.525(21). We disagree.

To establish ineffective assistance of counsel, Burks must demonstrate that: (1) his counsel's performance was deficient in that it fell below an objective standard of reasonableness under the circumstances, and (2) he was prejudiced as a result of his counsel's performance. *State v. Larios-Lopez*, 156 Wn. App. 257, 262, 233 P.3d 899 (2010). A legitimate trial strategy or tactic cannot serve as the basis for a claim of ineffective assistance of counsel. *State v. Estes*, 193 Wn. App. 479, 488, 372 P.3d 163 (2016), *aff'd*, 188 Wn.2d 450 (2017). A defendant is prejudiced by counsel's deficient performance if but for counsel's errors, there is a reasonable probability that the result of the proceeding would have been different. *State v. McFarland*, 127 Wn.2d 322, 334-35, 899 P.2d 1251 (1995). We presume that defense counsel provided effective representation and Burks must demonstrate that there was no legitimate or strategic reason for defense counsel's conduct. *McFarland*, 127 Wn.2d at 335-36.

Based on the analysis in section II, we conclude that Burks' trial counsel was not deficient because the superior court properly calculated Burks' offender score under former RCW 9.94A.525(21). Similarly, even assuming Burks' counsel was deficient, he has not demonstrated prejudice because the superior court properly calculated Burks' offender score. Therefore, Burks' claim fails.

### III. TO-CONVICT INSTRUCTIONS

Burks argues that the to-convict instruction given to the jury in this case for felony violation of a court order impermissibly lowered the State's burden of proof because it required the jury to find that Burks previously violated two court orders, but not particular qualifying orders as enumerated in former RCW 26.50.110(5) (2015). That statute elevates violation of a court order to a felony if

> the offender has at least two previous convictions for violating the provisions of an order issued under this chapter, 7.90, 9A.40, 9A.46, 9A.88, 9.94A, 10.99, 26.09, 26.10, 26.26, or 74.34 RCW, or a valid foreign protection order as defined in RCW 26.52.020. The previous convictions may involve the same victim or other victims specifically protected by the orders the offender violated.

Former RCW 26.50.110(5).

Our Supreme Court recently considered a similar argument in *State v. Case*, 187 Wn.2d 85, 384 P.3d 1140 (2016). In *Case*, the defendant argued that his to-convict instruction for felony violation of a court order was deficient because it did not require the jury to find that the two prior court order violations were qualifying court orders. 187 Wn.2d at 89-90. The jury's to-convict instruction given in *Case* read:

> To convict the defendant of the crime of violation of a no-contact order as charged, each of the following elements of the crime must be proved beyond a reasonable doubt;
>
> 1) that on or about December 18, 2013, there existed a no contact order applicable to the defendant,
> 2) that the defendant knew of the existence of this order,
> 3) that on or about said date, the defendant knowingly violated this order,
> 4) that the defendant has twice been previously convicted for violating the provisions of a court order, and
> 5) that the defendant's acts occurred in the State of Washington.

9

*Case*, 187 Wn.2d at 89. Although Case stipulated to the existence of two prior court order violations, he maintained that his stipulation alone was insufficient to establish that the violations had been of qualifying court orders under former RCW 26.50.110(5). *Case*, 187 Wn.2d at 91. Case stipulated that "'[he] ha[d] at least two prior convictions for violating the provisions of a protection order, restraining order, or no-contact order issued under Washington State law.'" *Case*, 187 Wn.2d at 89 (quoting Ex. 5).

Our Supreme Court disagreed with Case's argument, reasoning that while his stipulation alone may have been ambiguous, in the context of the charging document and sidebar that occurred at trial, the court was satisfied that "Case stipulated that he had been convicted of violating qualifying no-contact orders." *Case*, 187 Wn.2d at 91-92. The court further noted that "[a]bsent a timely and specific objection or exception from Case's attorney, the stipulation appeared to establish that Case agreed he had two prior *qualifying* convictions under RCW 26.50.110(5) as alleged in the charging information[1] and was therefore sufficient." *Case*, 187 Wn.2d at 92. If a defendant stipulates to facts that establish an element of a charged crime, he "waives 'the right to require the State [to] prove that element beyond a reasonable doubt,'" and the jury need not find the existence of that element. *Case*, 187 Wn.2d at 91 (quoting *State v. Humphries*, 181 Wn.2d 708, 336 P.3d 1121 (2014)). The court clarified that "[a] 'stipulation' is an express waiver that concedes, for purposes of trial, the truth of some alleged fact, with the effect that one party need offer no evidence to prove it and the other is not allowed to disprove

---

[1] The charging document in *Case* stated, in part, "and furthermore, the defendant has at least two prior convictions for violating the provisions of a protection order, restraining order, or no-contact order issued under Chapter 10.99, 26.09, 26.10, 26.26, 26.50, 26.52, or 74.34 RCW, or a valid foreign protection order as defined in RCW 26.52.020." *Case*, 187 Wn.2d at 88 n.1.

it." *Case*, 187 Wn.2d at 90. Finally, the court explained that "[w]hether the prior convictions qualify under RCW 26.50.110(5) is a substantially similar question to whether a prior no-contact order was valid – a question of law to be decided by a judge, not a jury." *Case*, 187 Wn.2d at 92.

The jury instruction for felony violation of a court order given at Burks' trial mirrored the instruction given in *Case*. As explained in *Case*, whether the no-contact orders qualified under former RCW 26.50.110(5) was an issue of law for the judge, not an issue of fact for the jury, and therefore did not need to be included in the jury's to-convict instructions. 187 Wn.2d at 92. In addition, Burks' stipulation was more specific than the stipulation at issue in *Case*, since Burks stipulated that he had twice been convicted of "Violation of Court Order, pursuant to RCW 26.50." CP at 25. Burks also certified that he was "giving up the right to dispute whether the judgments and sentences that were entered [in the two prior cases for violation of a court order] are predicate offenses for the purposes of elevating the current offense to a felony." CP at 26. The superior court orally confirmed with Burks that he was stipulating to two prior convictions for "Violation of Court Order pursuant to RCW 26.50." VRP (Aug. 8. 2016) at 16. Burks' charging information contained similar language to that considered in *Case*.

As in *Case*, based on the language of Burks' stipulation, the charging information and the context at trial, the stipulation established that Burks agreed he had two prior qualifying convictions under former RCW 26.50.110(5). Therefore, Burks' stipulation established the two prior convictions' element of felony violation of a court order, and the jury received the proper to-convict instructions.

No. 49359-4-II

### IV. APPELLATE COSTS

Burks asks us to decline to impose appellate costs. In its briefing, the State had disclaimed any intention to seek costs on appeal should it prevail. Therefore, we decline to impose appellate costs.

### CONCLUSION

We affirm the superior court.

A majority of the panel having determined that this opinion will not be printed in the Washington Appellate Reports, but will be filed for public record in accordance with RCW 2.06.040, it is so ordered.

_____
BJORGEN, C.J.

We concur:

_____
MAXA, J.

_____
LEE, J.