**IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON**

**DIVISION II**

| | |
|---|---|
| STATE OF WASHINGTON, | No. 53428-2-II |
| Respondent, | |
| v. | |
| JESSE JAMES JOHNS, | PUBLISHED OPINION |
| Appellant. | |

CRUSER, J. – Jesse Johns appeals the sentencing court's imposition of interest on nonrestitution legal financial obligations (LFOs) and a crime laboratory analysis fee (crime lab fee). He argues that the interest provision and the crime lab fee were improper given his indigency. The State concedes that the interest provision should be limited to restitution. We accept the State's concession, but we hold that the sentencing court did not err when it imposed the crime lab fee because that fee is mandatory. Accordingly, we affirm the imposition of the crime lab fee, but remand for the trial court to amend the interest provision to exclude any nonrestitution LFOs. We note that on remand Johns may present "a verified petition" requesting that the court suspend payment of all or part of the crime lab fee based on his indigency. RCW 43.43.690(1),

FACTS

Johns pleaded guilty to two counts of unlawful possession of a controlled substance other than marijuana.

During the April 4, 2019 sentencing hearing, Johns asked the sentencing court to inquire as to his ability to pay legal financial obligations, including the crime lab fee. The sentencing court did so and concluded that Johns was "legally defined as indigent" and did not impose any discretionary LFOs. Verbatim Report of Proceedings at 108. But the court imposed the $100 crime lab fee and Johns did not move to suspend this fee. The sentencing court also ordered that Johns pay interest on "[t]he financial obligations imposed in this judgment" without excluding nonrestitution LFOs. Clerk's Papers at 18.

Johns appeals the interest provision and the crime lab fee.

ANALYSIS

I. INTEREST PROVISION

Johns argues that under RCW 10.82.090(1), the sentencing court erred in imposing interest on nonrestitution LFOs. The State concedes that this was error.

RCW 10.82.090(1) provides, in part, "[a]s of June 7, 2018, no interest shall accrue on nonrestitution [LFOs]." Johns was sentenced after June 7, 2018, so under this statute the sentencing court could not impose interest on nonrestitution LFOs. Accordingly, we accept the State's concession.[1]

---

[1] Although Johns did not object to the interest provision, we exercise our discretion to reach this issue. RAP 2.5(a); *State v. Blazina*, 182 Wn.2d 827, 834, 344 P.3d 680 (2015) (appellate court has the discretion to reach unpreserved claims of error involving LFOs).

II. CRIME LAB FEE

Johns further argues that the trial court erred when it imposed the crime lab fee given his indigency. We disagree.

RCW 43.43.690(1) provides:

When an adult offender has been adjudged guilty of violating any criminal statute of this state and a crime laboratory analysis was performed by a state crime laboratory. . . the court *shall* levy a crime laboratory analysis fee of one hundred dollars for each offense for which the person was convicted. Upon a verified petition by the person assessed the fee, the court may suspend payment of all or part of the fee if it finds that the person does not have the ability to pay the fee.

(Emphasis added). The legislature's use of the word "shall" in the statute and the fact the legislature provided that a defendant who has been assessed the fee may challenge the fee only after it has been assessed, demonstrate that the crime laboratory analysis fee is a mandatory fee. *State v. Clark*, 195 Wn. App. 868, 873, 381 P.3d 198 (2016).

Johns's reliance on *State v. Malone*, 193 Wn. App. 762, 376 P.3d 443 (2016), which he asserts establishes that the crime lab fee is discretionary, is not persuasive. *Malone* merely states, without any analysis or citation to authority, that the crime lab fee is discretionary. 193 Wn. App. at 764. And, for the reasons stated above, the statute's own language contradicts this conclusion.

Because the crime lab fee is mandatory, the trial court did not err when it imposed this fee. But, on remand Johns can submit a verified petition to request suspension of the crime lab fee in light of his indigency. RCW 43.43.690(1).

Accordingly, we affirm the imposition of the crime lab fee, but remand for the trial court to amend the LFO interest provision to exclude any nonrestitution LFOs. On remand, Johns may present "a verified petition" requesting that the court suspend payment of all or part of the crime lab fee based on Johns's indigence. RCW 43.43.690(1).

CRUSER, J.

We concur:

WORSWICK, P.J.

GLASGOW, J.