# IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON

## DIVISION II

| | |
|---|---|
| STATE OF WASHINGTON, | No. 54095-9-II |
| Respondents, | |
| v. | UNPUBLISHED OPINION |
| JAMEZ EDWARD BROWN, | |
| Appellant. | |

MAXA, P.J. – Jamez Brown appeals his sentence for felony violation of a domestic violence no-contact order and two gross misdemeanors: fourth degree assault – domestic violence and obstruction of a law enforcement officer.  He also challenges his convictions in a statement of additional grounds (SAG).

We hold that (1) the record is unclear whether the trial court intended to impose as legal financial obligations (LFOs) community custody supervision fees as determined by the Department of Corrections (DOC) and collection costs, (2) there are scrivener's errors on a document attached to the judgment and sentence for the gross misdemeanors, and (3) Brown's SAG claims have no merit.  Accordingly, we affirm Brown's convictions, but we remand to the trial court to consider whether to impose supervision fees and collection costs and to correct any scrivener's errors in the document attached to the gross misdemeanors judgment and sentence.

FACTS

The State charged Brown with violation of a domestic violence no-contact order, a felony; fourth degree assault – domestic violence, a gross misdemeanor; and obstruction of a law

enforcement officer, a gross misdemeanor. The trial court granted Brown's motion to represent himself with the assistance of standby counsel.

Brown's felony charge was predicated on two prior convictions of violating domestic violence no-contact orders. Before trial, the court explained to Brown that he could stipulate to his two prior offenses or the jury could decide if he had committed the offenses. Brown agreed to stipulate to the prior offenses.

The jury found Brown guilty as charged. The trial court sentenced Brown to 60 months in confinement for the felony, the statutory maximum. The court imposed zero months of community custody, but imposed up to 12 months of community custody for any earned release time. At the sentencing hearing, the trial court found that Brown was indigent. The court also stated that "the only financial obligation imposed with the [felony] offense is going to be the crime victim penalty assessment." 5 Report of Proceedings (RP) at 451.

The judgment and sentence imposed the crime victim penalty assessment and stated, "The following extraordinary circumstances exist that make payment of nonmandatory legal financial obligations inappropriate: Indigency." Clerk's Papers (CP) at 56. However, a separate section of the judgment and sentence required Brown to "pay supervision fees as determined by DOC" as a condition of community custody. CP at 61. The judgment and sentence also required Brown to pay collection costs on unpaid LFOs.

The judgment and sentence for the gross misdemeanors provided that Brown was sentenced to 364 days with zero days suspended, which was consistent with what the trial court stated at sentencing. But the court attached a document to the judgment and sentence that stated

that the 364 days were suspended.[1]  Also on this document, the court listed a $500 victim penalty

assessment and stated that it was "concurrent" with the felony conviction.  CP at 76.  But the

court stated at sentencing that it was not imposing any financial obligations on the gross

misdemeanors.  Finally, this document contained boilerplate language that any financial

obligation imposed in the judgment and sentence would bear interest from the date of the

judgment.

Brown appeals his conviction and sentence.

ANALYSIS

A.  STATE'S PROCEDURAL ARGUMENTS

Initially, the State makes two procedural arguments.  First, the State argues that Brown is

not an aggrieved party under RAP 3.1 because community custody supervision fees and LFO

collection costs may never be incurred.  This essentially is a ripeness claim.  However, the

State's argument fails because Brown is currently aggrieved if there is an error in his judgment

and sentence.  Further, this is Brown's opportunity to challenge all aspects of his judgment and

sentence that he finds objectionable.  He cannot wait until these challenged LFOs are incurred

because an appeal at that time would be untimely.

Second, the State argues that this court should not consider Brown's LFO claims because

he did not object in the trial court.  There is no explanation for Brown's failure to object in the

trial court to the imposition of supervision fees and collections costs.  Defense counsel had an

obligation here to raise the issue so the trial court could clarify whether it intended to impose

---

[1]  This document was titled "Conditions on Suspended Sentence," but the court crossed off the
title.  CP at 75.

3

those fees. Our inclination is to decline to consider Brown's challenge to the imposition of supervision fees and collection costs.

However, under *State v. Blazina*, we may exercise our discretion under RAP 2.5(a) to consider the imposition of LFOs. 182 Wn.2d 827, 834-36, 344 P.3d 680 (2015). The Supreme Court repeatedly has signaled that we should exercise our discretion to address LFO issues. *See State v. Lee*, 188 Wn.2d 473, 501-02, 396 P.3d 316 (2017). Therefore, we consider the imposition of community custody supervision fees and collection costs.

B.      IMPOSITION OF SUPERVISION FEES AND COLLECTION COSTS

Brown argues that the trial court erred in failing to waive the requirement to pay community custody supervision fees and collection costs after finding him indigent. We conclude that although the trial court had authority to impose these fees, the record is unclear whether the court actually intended to impose them.

1.      Community Custody Supervision Fees

RCW 9.94A.703(2)(d) states that "[u]nless waived by the court, as part of any term of community custody, the court shall order an offender to: . . . [p]ay supervision fees as determined by [DOC]." Because supervision fees are waivable by the trial court, they are discretionary LFOs. *State v. Spaulding*, 15 Wn. App. 2d 526, 536, 476 P.3d 205 (2020). But a discretionary supervision fee is not a "cost" as defined in RCW 10.01.160(2), and therefore the prohibition in RCW 10.01.160(3) of imposing "costs" on an indigent person is inapplicable. *Id.* Therefore, the trial court had authority to impose supervision fees as an LFO even though Brown was indigent.

Here, the judgment and sentence section regarding community custody imposed supervision fees as determined by DOC as a condition of community custody. However, in discussing the imposition of LFOs, the trial court stated "the only financial obligation

4

imposed . . . is going to be the crime victim penalty assessment." 5 RP at 451. In addition, the judgment and sentence stated that Brown's indigency was an "extraordinary circumstance" that made "payment of nonmandatory legal financial obligations inappropriate." CP at 56. These statements suggest that the court did not intend to impose these fees.

On the other hand, the supervision fee provision was in a separate part of the judgment and sentence dealing with community custody. Even though the trial court waived other discretionary LFOs, it is possible that the court intended to impose supervision fees as a condition of community custody.

The record is unclear whether the trial court intended to impose supervision fees. Accordingly, we remand for the trial court to consider in its discretion whether to impose supervision fees.

2.    Collection Costs

RCW 36.18.190 provides that "[t]he superior court may, at sentencing or at any time within ten years, assess as court costs the moneys paid for remuneration for services or charges paid to collection agencies or for collection services." We assume without deciding that collection costs, like community custody supervision fees, are not costs within the meaning of RCW 10.01.160(2) and therefore can be imposed on an indigent defendant.

However, as with supervision fees, it still is unclear from our record whether the trial court intended to impose collection costs. Accordingly, we remand for the trial court to consider in its discretion whether to impose collection costs.

C.    SCRIVENER'S ERRORS

Brown argues there are several scrivener's errors on the document attached to the gross misdemeanors judgment and sentence. The State partially concedes there are inconsistencies

between the documents. We conclude the documents contain scrivener's errors and accept the State's partial concession.

A scrivener's error is one that, when amended, would correctly convey the intention of the trial court as expressed in the record at trial. *State v. Davis*, 160 Wn. App. 471, 478, 248 P.3d 121 (2011).

The trial court sentenced Brown to 364 days "with zero suspended" for the misdemeanor assault and obstruction convictions. The court properly noted this on the misdemeanors judgment and sentence. But on the attached document, the court stated that the 364 days were suspended. Also on this document, the court listed a $500 victim penalty assessment that was concurrent with the felony conviction.

This attached document also contained boilerplate language that any financial obligation imposed in the judgment and sentence will "bear interest from the date of the judgment." CP at 76. However, RCW 10.82.090(1) prohibits interest accrual on nonrestitution LFOs. *State v. Johns*, 15 Wn. App. 2d 775, 777, 477 P.3d 522 (2020).

We conclude that there are some inconsistencies between the gross misdemeanors judgment and sentence and the attached document. On remand, Brown may raise these issues to the trial court for correction.

D.      SAG CLAIMS

        1.  Sufficiency of the Evidence

Brown asserts that evidence was insufficient to convict him of felony violation of a domestic violence no-contact order because the State failed to prove that his prior convictions involved qualifying orders. We disagree.

The test for determining sufficiency of the evidence is whether, after viewing the evidence in the light most favorable to the State, any rational trier of fact could have found guilt beyond a reasonable doubt. *State v. Cardenas-Flores*, 189 Wn.2d 243, 265, 401 P.3d 19 (2017). In a sufficiency of the evidence claim, the defendant admits the truth of the evidence and the court views the evidence and all reasonable inferences drawn from that evidence in the light most favorable to the State. *Id*. at 265-66.

If a defendant stipulates to facts that establish an element of a charged crime, he or she "waives 'the right to require the State [to] prove that element beyond a reasonable doubt.' " *State v. Case*, 187 Wn.2d 85, 91, 384 P.3d 1140 (2016) (quoting *State v. Humphries*, 181 Wn.2d 708, 715, 336 P.3d 1121 (2014)).

Under RCW 26.50.110(5),[2] violation of a no-contact order is a felony if "the offender has at least two previous convictions for violating the provisions of an order issued under this chapter." Chapter 26.50 RCW concerns domestic violence matters.

Brown asserts that although he stipulated to the existence of two prior court order violations, this was not sufficient to establish that the violations were of qualifying orders. But the record shows that Brown stipulated that they were domestic violence no contact orders issued under "chapter 26.50." CP at 22. Under RCW 26.50.110(5), the orders would be qualifying orders. This stipulation established an element of the charged crime.

Accordingly, we hold that sufficient evidence supports Brown's felony violation of a domestic violence no-contact order conviction.

---

[2] RCW 26.50.110 was amended in 2020, but that amendment is not material to this case. Therefore, we cite to the current version of the statute.

2.    Admission of Prior No-Contact Orders

Brown asserts that the trial court erred in admitting the prior no-contact orders into evidence based on ER 403 after he stipulated to violating the orders. But Brown fails to explain this alleged error as required under RAP 10.10(c). The record does not show that the State submitted these orders to the jury; rather, the State presented the orders at a pretrial hearing to the trial judge, but that was before Brown stipulated to the prior violations. Accordingly, we reject Brown's claim.

### CONCLUSION

We affirm Brown's convictions, but we remand to the trial court to consider whether to impose supervision fees and collection costs and to correct any scrivener's errors.

A majority of the panel having determined that this opinion will not be printed in the Washington Appellate Reports, but will be filed for public record in accordance with RCW 2.06.040, it is so ordered.

MAXA, P.J.

We concur:

CRUSER, J.

VELJACIC, J.

8